### SHERMAN MACHINE & IRON WORKS et al. v. STATE INDUSTRIAL COM. et al.

No. 21609. Opinion Filed Nov. 18, 1930.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondent.

CLARK, J. This is an original action in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 14th day of July, 1930, wherein respondent L. W. Maddox was awarded compensation at the rate of $17.31 per week for six weeks and continued at the rate of $17.31 per week until otherwise ordered by the Commission.

Petitioners contend that said award was contrary to the law and the evidence and that the award was based upon an alleged earning capacity of $4.50 per day, whereas petitioners contend that the earnings were only $3.60 per day. Petitioners contend that the amount should not exceed $13.05 per week. Petitioners further contend that a motion for a continuance for a few days until the testimony of bookkeepers concerning the facts as to the amount of the wage could be obtained was overruled and arbitrarily refused, contrary to law.

We will first consider whether or not the said award was supported by sufficient evidence. The record discloses that respondent Maddox was working for petitioner Sherman Machine & Iron Works, and that on the 23rd day of January, 1930, he and several other employees were working around a manhole in the middle of the street on Robinson avenue, Oklahoma City; that snow and sleet were on the ground, and that while standing on the manhole cover an explosion occurred which blew him 20 or 25 feet in the air, and he fell on the street and an automobile ran over him. He was immediately taken to a hospital, where he remained for treatment 16 or 17 days; that he was unable to walk, but the doctor finally released him and sent him home; that, thereafter, he went to see various doctors, some of whom refused to treat him for the reason that it was hard to get any money from the insurance company. On one occasion he put in about four hours digging out a place for a sidewalk, but he was unable to continue working for the rest of the day and he went home and was in bed four or five days and suffered so from the effects of the work that he could not turn over.

Prior to the accident, he was a strong, healthy man and worked every day. Dr. Dowdy, who testified as a qualified expert witness for respondent, said that he examined the respondent and from his examination found that respondent was nervous, had low blood pressure, spasmatic muscles of the lumbar region, stiffness of the muscles, so that he could not bend without causing great pain, albumen in the urine, injury to his back, hips and spine, and he gave, as his opinion, that the condition above described was caused by the injury received from the explosion on January 23, 1930, and that the man was not able to do physical labor, and, in his opinion, the disability was indefinite and probably permanent. In an-

swer to the question, "Would you say in your opinion, from the subjective and objective symptoms you described of this man, he is totally disabled from performing manual labor?" Dr. Dowdy said, "Yes, sir."

Mrs. D. P. Gault testified that she knew the claimant before the injury, and he was a strong and active man and that he worked every day; and that after the injury he was weak and confined to his bed most of the time.

Several doctors testified for the insurance carrier, one of whom was Dr. Price, who stated that the claimant's condition could have been caused by the accident of January 23rd. Dr. Heatley testified that he never made a personal examination of the claimant. Dr. Stout testified for the insurance carrier and said he examined respondent soon after the accident and that at that time he thought he would be all right in five or six days.

The question of the extent of the disability of respondent Maddox is a question of fact, and having been determined against the petitioners, this court will not review the same where it is supported by competent evidence. The record clearly shows that the finding and judgment of the Industrial Commission on this point is supported by competent evidence.

It is next contended that the Industrial Commission erred in refusing to continue this cause so that petitioners, respondents below, might secure further testimony. Application was made to the Industrial Commission for a continuance on the grounds of the absence of Edna Sherman, bookkeeper of the Sherman Machine & Iron Works, and John H. Hobbs, secretary, to show the correct wage, as reported by respondent on form No. 2, to be $3.60 instead of $4.50. The motion was overruled and exception saved, and it was stated by the Industrial Commission that the books would be admissible in the absence of the bookkeeper and secretary. The record further discloses that petitioners had prior to this paid respondent Maddox $17.31 compensation for several weeks. It is within the sound discretion of the Industrial Commission to grant or not grant a continuance. No continuance was asked before the trial began, and notice had been served in due time that this cause would be heard on this particular day and date, and no objection was had until, during the trial, petitioners asked for a continuance. The offer was to show that the correct wage as reported by respondent on form No. 2 was $3.60. This testimony would not be admissible if it had

been presented. The correct wage is the wage paid respondent by petitioners, and not what respondent reported on form No. 2.

Petitioners cite the case of Forrester v. Marland, 142 Okla. 193, 286 Pac. 302, as authority for the contention that the Industrial Commission abused its discretion in refusing to allow a continuance in this cause. The case of Forrester v. Marland, supra, is not in point. No continuance was asked in that case. Claimant offered the testimony, and the offer was refused by the Industrial Commission.

We are, therefore, of the opinion that the Industrial Commission did not abuse its discretion in refusing a continuance in this cause, and judgment and award of the Industrial Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.