## CITY OF GUTHRIE et al. v. STANDLEY et al.

No. 21227.   Opinion Filed June 30, 1931.

Rehearing Denied July 28, 1931.

Burford, Miley, Hoffman & Burford and Roy V. Lewis, for petitioners.

Harry F. Brown and Robert W. Hoyland, for respondents.

CLARK, V. C. J.  This is an original action filed in this court to review an award made and entered by the State Industrial Commission on the 8th day of March, 1930, in favor of the respondent, Dan Standley, wherein the Industrial Commission found:

"1.  That claimant, Dan Standley, was in the employment of respondent, city of Guthrie, on and prior to August 15, 1929, and engaged in a hazardous occupation subject to and within the meaning of the Workmen's Compensation Law.

"2.  That, arising out of and in the course of such employment with respondent herein, said claimant sustained an accidental personal injury on August 15, 1929, from inhaling fumes from chlorine gas.

"3.  That, by reason of said aforementioned accidental injury, claimant has been, since August 15, 1929, and is now, temporarily totally disabled from the performance of ordinary manual labor"

—and entered the award for $17.69 per week from November 1, 1929, to March 7, 1930, less the five-day waiting period, being 17 weeks and 3 days, amounting to $309.58, and continued compensation from this date at the rate of $17.69 per week until the termination of disability, or until otherwise ordered by the Commission.

Petitioners' first contention is:

The Commission is without authority of law to make and enter the award for compensation on March 8, 1930; the cause having been continued for further evidence, the award was premature.

The accident in this case was admitted, and the evidence is sufficient to support the order and award of the Industrial Commis-

sion, finding that the respondent was temporarily totally disabled.

The first hearing was had in this case on January 16, 1930. Petitioner and respondent both appeared by their attorneys, and evidence was taken, and all evidence offered was heard by the Commission. Petitioner and respondent both had due notice of this hearing.

On the 18th day of January, 1930, the Commission entered its order requiring respondent to submit to an examination, and it appears from the record that respondent did submit to an examination, and was under observation of doctors for several days. On February 19, 1930, a subsequent hearing was had, at which petitioners did not appear. Some testimony was taken, and it is the contention of petitioners that petitioners had no notice of said hearing. And on March 7, 1930, a subsequent hearing was had, at which time and place petitioner and respondent appeared, and the testimony of several witnesses was taken.

At this hearing, Dr. L. J. Moorman, Dr. Floyd Moorman, Dr. A. D. Young, and Dr. F. B. Erwin testified. The record discloses from the testimony taken that respondent inhaled chlorine gas at the water plant of the city of Guthrie, and was unconscious for several hours, and since that time has been unable to perform manual labor, or to hold any position requiring mental or physical exertion. At the hearing on March 7, 1930, during the examination of the witnesses, Dr. A. D. Young, who testified he had examined the respondent, Dan Standley, three times, was asked the following questions:

"Q. Doctor, there have been two doctors here testify this man had tremors at the time he was in the hospital of his right side and right arm and noticing him yourself, as we have here, we want to know what causes this, and they have been unable to determine it. Now, I want to know, is there further medical examinations or treatments that this man can be put through that can determine the cause of this condition? A. All I can say is the examination might reveal the cause and find out. Q. You say you could not find any objective symptoms in your various examinations? A. That is right."

Mr. Lewis, appearing for the petitioner, states:

"Yes, we want to find out what is wrong with him. Q. Doctor Young, what do you think this man should be required to do? A. He should be put in a hospital for a week or so. By Mr. Lewis: Put him there. By the Court: That is all."

After this, other doctors were examined and testified to the condition of plaintiff. On March 8th, same day the order and award was made, an order was entered by the Commission requiring claimant, Dan Standley, to appear before Drs. A. D. Young and F. B. Erwin at St. Anthony's Hospital at 10 o'clock a. m., and then and there submitted to a medical examination by such physicians.

There was not any request made to the Commission for a continuance, and no order made by the Commission continuing said cause. The Commission had before it evidence sufficient to support the judgment and award for temporary total disability. Petitioners were entitled to a further examination of respondent, and respondent was entitled to further medical treatment by petitioners, and an order requiring the respondent to submit to further examination and medical treatment offered by petitioners is in accord with the provisions of the Industrial Law, and it was not error for the Commission to enter said award at the time and in the manner said award was entered. The petitioners did not ask for a continuance; no continuance was granted by the Industrial Commission.

It is next contended by petitioners that the order and award complained of was made by the State Industrial Commission, or a majority of the members thereof, without having read or considered the testimony or record in this case.

This contention is without merit and is not supported by the record. The order and award shows that the order and opinion was by Chairman Doyle, and concurred in by Commissioner McElroy, and we must assume that the Commissioners were familiar with the record on the day and date said award was made and entered.

The third contention made by petitioners is that the hearing on February 19, 1930, was unauthorized by law, and the evidence heard at that time was incompetent and prejudicial. The hearing was unauthorized, but would not invalidate the hearings had on January 16 and March 7, 1930, at which times respondent and petitioners were present and participated.

Testimony taken on January 16, 1930, and March 7, 1930, was sufficient to support the award, and the testimony taken on February 19, 1930, was merely cumulative, if considered at all by the Commission.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, CULLISON,

ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

HEFNER, J., concurs in conclusion.

SWINDALL, J., dissents. I dissent for the reason, in my opinion, the award was made by the Commission before the taking of the evidence was concluded.

Note.—See under (1) anno. L. R. A. 1917D, 188; 28 R. C. L. p. 827, et seq., R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1151.