## STANOLIND PIPE LINE CO. v. GEURIN et al.

No. 23708. Opinion Filed Feb. 14, 1933.

Clay Tallman and T. W. Arrington, for petitioner.

J. A. Bass, for respondents.

BAYLESS, J. James E. Geurin, employee, was accidentally injured while engaged in a hazardous occupation in the employment of Stanolind Pipe Line Company, a corporation, which carries its own insurance coverage. A hearing was had, and the Commission made an award of $318.05 for a temporary total disability dated June 6, 1931, covering a period of 20 weeks and four days, all of which had accrued, but did not continue payments beyond the date of award. Thereafter and on August 21, 1931, the employee filed a written motion to reopen because of a change of condition and supported this motion with a doctor's report. This motion was overruled August 24, 1931.

Several months later the employee filed a motion to reopen the case and determine the extent of disability. This motion was opposed by the employer in a written response.

We are unable to ascertain from the record before us whether the parties tried this case to determine the degree of permanent partial disability or to determine whether the Commission would reopen the matter upon a change of condition after a final award.

In support of either theory, it seems to us that evidence as to whether or not the employee has worked since the first award, the type and character of the work done, his ability to perform the same, and the wages received therefor, are matters to be considered. Each party is entitled to introduce such evidence upon these points as it may desire. The evidence introduced into this record is not satisfactory, but we are

not passing upon the issue raised owing to the fact that we are sustaining an assignment of error presented by the petitioner which will necessitate a further hearing in this matter.

The petitioner began early in the hearing to advise the commissioner hearing the cause that it desired time to investigate the evidence given by the claimant as to the parties for whom he had worked since the injury, the kind of work which he did, the pay he received, and the ability with which he performed the same. At the close of the hearing the petitioner asked for time in which to procure evidence upon his behalf, and the record shows:

"Case submitted when statement comes in from the Wilcox Company as to how long claimant worked there and the wage scale."

This was on April 26, 1932. An award was made by the Commission on May 2, 1932, without further notice to the petitioner. The Commission refused to vacate this award upon the application of the petitioner, thereby in effect refusing petitioner an opportunity to introduce its evidence upon the point requested.

The record does not disclose the reason, if any existed, why the Commission refused to hear the additional evidence offered. From an examination of the record we are of the opinion that this evidence was competent, and if the petitioner had evidence concerning claimant's employment and wage scale, the Commission should not have made the award without hearing such evidence offered or giving the petitioner a reasonable time to present same.

Award vacated, and the matter remanded to the Commission for further proceedings in keeping with this opinion.

SWINDALL, ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.