## WM. A. SMITH CONST. CO. et al. v. PRICE et al.

No. 27114. Dec. 15, 1936.

PER CURIAM. This is an original proceeding in this court brought by Wm. A. Smith Construction Company and its insurance carrier to obtain a review of an award made by the State Industrial Commission in favor of the respondent Mitchell Price. In this opinion the parties will be referred to as petitioners and respondent.

The undisputed facts as shown by the record are: On September 27, 1934, the respondent was in the employ of the petitioner Wm. A. Smith Construction Company and engaged in a hazardous occupation as defined by the Workmen's Compensation Law of this state. While the respondent was so employed and engaged, a bridge stringer spacer, commonly referred to as a washer, fell a distance of approximately 20 feet and struck the respondent on his right shoulder. Petitioners furnished respondent medical attention until October 17, 1934, at which time he was discharged as well by the attending physician. The attending physician in his report to the Industrial Commission described respondent's injury as a slight abrasion on the right shoulder. The employer's first notice of injury filed with the commission states that respondent had sustained an accidental injury consisting of slight bruises, and that medical attention had been furnished, and that respondent had fully recovered. On October 23, 1934, the respondent filed with the commission employee's first notice of injury and claim for compensation. Therein he described his injury as paralysis of his right shoulder and arm and resulting permanent loss of use of his right arm. Petitioner promptly filed a motion to stop compensation. The commission thereupon conducted a number of hearings, the first of which was held at Drumright January 12, 1935, and the last at Oklahoma City on March 20, 1936. At these various hearings extensive testimony both lay and professional was introduced by the respective parties. The testimony of expert and medical witnesses was sharply conflicting. The testimony introduced by the respondent was sufficient to establish the nature of respondent's injury as paralysis of his right arm and a resulting permanent loss of use of said member ranging from 60 to 100 per cent. The testimony of medical expert witnesses appearing for the petitioner was to the effect that the respondent had at most a mere superficial injury and had no paralytic condition. Respondent at first denied capacity to do any work after his injury, but when confronted with proof to the contrary later admitted working at numerous employments, including the driving of a

Thurman & Thurman, for petitioners.

C. E. Thomas and Mac Q. Williamson, Atty. Gen., for respondents.

school bus, but stated that in so doing he had only a partial use of his right arm. Witnesses produced by petitioners testified that the work done by respondent was of a nature requiring the use of both of his arms, and that respondent had so used them. The cause was submitted to the commission by both petitioners and respondent on February 24, 1936, and on February 25, 1936, the commission among others made the following finding: "That by reason of said accidental injury claimant was temporarily totally disabled from the date of the accidental injury less the 5-day waiting period to October 17, 1934. That by reason of said accidental injury claimant sustained a 50 per cent. permanent partial disability to his right arm", and awarded compensation accordingly.

Petitioners, on March 9, 1936, filed a motion to vacate the above-mentioned finding and the award of the commission based thereon, for the reason that the evidence clearly established the fact that the respondent had lost no time by reason of the accident, and hence had no period of temporary total disability. The commission thereupon vacated said award and set the matter for further hearing on March 20, 1936. On March 19, 1936, the petitioners filed an application to amend their motion to set aside the previous order and requested the commission to permit them to present the testimony of certain named persons who, they alleged, would testify that they had seen the respondent use both of his hands in the performance of numerous mechanical and manual employments. The commission heard the parties March 20, 1936, and without hearing further testimony entered the order and award which we are now called upon to review. The pertinent portions of this award are as follows:

"1. That on the 27th day of September, 1934, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his shoulders and right arm.

"2. That the average daily wages of the claimant at the time of the accidental injury was $2.50 per day, making his rate of compensation $9.61 per week.

"3. That claimant lost no time beyond the 5-day waiting period, by reason of said accidental injury, and is not entitled to compensation for temporary total disability.

"4. That by reason of said accidental injury claimant sustained an 80 per cent. permanent partial disability to his right arm."

And awarded the respondent 200 weeks' compensation.

On April 1, 1936, the petitioners again applied to the commission for the vacation of the above award and requested another opportunity to introduce further evidence. The commission denied this application on April 20, 1936. The petitioners assign eight specifications of error which are presented under four propositions. These may be summarized as follows: (a) Error in determining the average daily wage of the respondent; (b) lack of any competent evidence to sustain the finding of accidental injury; (c) the lack of any evidence to sustain the increase of percentage of disability found in the order of March 20, 1936, as contrasted in the amount found in the order of February 25, 1936, and error in refusing the application of petitioners to introduce further testimony; (d) that the specific degree of disability found is without support of any competent evidence.

At the first hearing the question of respondent's average daily wage arose and was disposed of by the inspector in the following language: "Let the record show the wages are agreed to be $2.25 per day." Thereupon no proof was offered upon this issue by either party. Under these circumstances the finding of the commission that the respondent's average daily wage was $2.50 per day was without support of any competent evidence. Gulf States Corporation v. Liston, 164 Okla. 36, 22 P. (2d) 376.

In a compensation case, whether the disability is a result of accidental injury is a question of fact to be determined by the State Industrial Commission from the competent evidence. As we said in Williams Bros., Inc., v. State Industrial Com., 158 Okla. 171, 12 P. (2d) 896:

"When, in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proven by the testimony of skilled professional persons."

See, also, Channing v. Payton, 152 Okla. 153, 4 P. (2d) 1; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. (2d) 378.

That there was some injury to respondent's right arm and shoulder was established by the uncontradicted evidence. The proof offered by petitioners was to the effect that such injury was at most merely nominal and temporary, whereas the proof on the part

of the respondent was to the effect that it was severe and permanent. The expert medical testimony, which was the competent evidence before the commission on this question, was in conflict, and the commission chose to attach greater weight and credence to the testimony introduced by the respondent. In doing so it acted within its province. Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P. (2d) 897. As we have said in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

Therefore, the contention of the petitioners that the finding of the State Industrial Commission of accidental injury to the respondent's right arm and shoulder is without any competent evidence to support it lacks merit and is not sustained by the record.

Petitioners next contend that when the commission vacated its findings and award of February 25, 1936, it could not thereafter change its finding as to the percentage of disability without additional evidence in this respect. Such is not the rule. As we have said in Graver Corporation v. Cullum, 136 Okla. 209, 277 P. 265:

"The State Industrial Commission does not lose jurisdiction to modify, change, or set aside an order made by it until 30 days after a copy of such order shall have been sent to the parties as required by section 7294, C. O. S. 1921, as amended by section 7, chap. 61, Session Laws 1923."

When the commission vacated the award made February 26, 1936, the matter then stood as if no award or finding had ever been made, and the commission was free to act as fully and completely as if it had never made any finding or any award in the case. Error or mistake, whether in the findings of fact or the amount of the award, could be rectified, and in so doing the commission was at liberty to review all of the evidence, files and records before them in arriving at their decision. Such action would not be based upon a change in the facts, but upon a change in opinion regarding the facts involved and the proper conclusion to be drawn therefrom and the award to be made thereon. See Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082.

Petitioners further complain that the commission refused to permit them an opportunity to introduce further testimony vital to a determination of the facts. Prior to a final award it is essential and necessary that the commission afford a full opportunity to all parties to introduce any competent evidence which they may have to offer either in support of or in opposition to a claim. Forrester v. Marland, 142 Okla. 193, 286 P. 302; Long Bell Lumber Co. v. Patterson, 153 Okla. 104, 5 P. (2d) 130; Stanolind Pipe Line Co. v. Geurin, 162 Okla. 71, 19 P. (2d) 139. However, when the parties have introduced all of their evidence and have submitted the matter to the commission for decision, a different situation arises, and it is incumbent upon the parties seeking to reopen the cause for the purpose of introducing further testimony to show diligence in the procurement of such evidence, and that the further testimony is both competent and material to the vital issues to be determined and is not cumulative in nature. It appears from the record before us that the commission gave the parties every opportunity to present their evidence at numerous hearings during a period of time extending over a year, and that the further testimony which the petitioners sought to introduce was that of certain named lay witnesses whose testimony at most would have been merely cumulative. Aside from the question of the competency of this testimony, we are of the opinion that the petitioners failed to show any valid reason why they could not have procured the evidence of such witnesses at the other hearings held before the commission. Under all of the circumstances, we are of the opinion that the commission did not abuse its discretion in refusing to reopen the case for the reception of the proffered testimony. The petitioners finally contend that the finding of the specific amount of disability made by the commission is without support of any competent evidence. The testimony of the expert medical witnesses was sufficient to establish the loss of the use in respondent's arm varying from 65 to 100 per cent., and that such loss of use was a permanent condition; therefore, the finding of the commission in this respect cannot be said to be without the support of any competent evidence. In the case of G. A. Nichols v. Collier, 163 Okla. 193, 22 P. (2d) 389, wherein the facts were similar in many respects to those presented in the instant case, we sustained an award for 100 per cent. loss of use of arm. We conclude that the contention of the petitioners is untenable.

The finding of the commission as to the item of average daily wage being without support of any competent evidence, the

award must be vacated so as to enable the commission to take proper proceedings to make this finding and to make a correct award thereon. In all other respects the award of the commission is sustained.

Award vacated in part and sustained in part.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.