### PHILLIPS PETROLEUM CO. v. BOWLING et al.

No. 27518.   May 25, 1937.

R. G. McKinney and E. L. Routh, for petitioner.

Reily & Reily and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Phillips Petroleum Company, as petitioner, to ob-

tain a review of an award made by the State Industrial Commission in favor of the respondent B. F. Bowling. We will hereafter refer to the parties as petitioner and respondent.

The respondent while in the employ of the petitioner and engaged in a hazardous employment as defined by the Workmen's Compensation Law sustained an accidental personal injury. Petitioner furnished medical attention and paid compensation for the resulting temporary total disability. The order and award which we are now called upon to review was made and entered on September 4, 1936, by the State Industrial Commission, after hearing held at Shawnee and Oklahoma City for the purpose of determining the extent of respondent's permanent disability. The petitioner takes exception only to that portion of the order relative to payment of medical expenses and the refusal of the commission to grant a continuance and conduct a further hearing at Shawnee. Petitioner contends that since the commission found that it had furnished some medical attention, the order directing it to pay the authorized reasonable and necessary medical expenses incurred by reason of respondent's injury contravened the frequently repeated rule as announced by this court in the case of Southwestern Bridge & Culvert Co. v. Sullenger, 167 Okla. 498, 30 P. (2d) 881, and cognate cases to the effect that an employer cannot be held for medical treatment when such treatment has not been requested by the employee or refused by the employer. The record herein, however, fails to show any attempt to hold the petitioner liable for any such medical expenses and the order of the commission cannot be so construed. The contention of the petitioner in this respect is directed at a nonexistent situation and is without merit.

The next contention of the petitioner is best answered by the fourth finding of fact made by the commission; this finding reads as follows:

"That at the close of the testimony, respondent requested a continuance of the case to take testimony to determine their liability for the doctor bill of Dr. F. A. Hines, at Shawnee; but the commission finds that Dr. Hines has not filed an itemized bill for his services with the commission, and that said bill is not at issue at this time, and, therefore, further hearing at Shawnee is denied, at this time."

It appears from the record that the only purpose of the requested continuance and further hearing at Shawnee was to enable a witness for the petitioner to deny that he had directed the respondent to go to Dr. Hines for treatment. The respondent admitted that if the witness were present he would so testify. Under these circumstances the continuance and a further hearing would not have been of any benefit either to the petitioner or the commission. It clearly appears that the commission did not abuse its discretion in refusing the requested continuance and further hearing. As said by this court in the case of City of Guthrie v. Standley, 151 Okla. 72, 1 P. (2d) 678:

"In an action pending before the State Industrial Commission, the granting or denying a continuance is within the sound discretion of the State Industrial Commission, and the action of the Industrial Commission granting or denying a continuance will not be reversed by this court on review unless the record shows a clear abuse of discretion."

The petitioner fails to show where it was deprived of any right and also fails to show where it was prejudiced in the slightest degree by the action of the commission. Under these circumstances the cases cited by the petitioner with reference to the duty of the commission to grant a full and complete hearing have no application. The record presents no error.

Award sustained.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.