## BARNSDALL REFINING CORPORATION v. LOCKER et al.

No. 28309. March 22, 1938.

M. D. Kirk, W. M. Fleetwood, Jr., and Arthur A. O'Dell, for petitioner.

Claud Briggs, C. B. McMahan, John Morrison, and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 3rd day of May, 1936, Harold R. Locker, while in the employ of the petitioner, sustained an accidental injury while he was working in the boiler house of said company. The parties will be referred to as they appear herein, the Barnsdall Refining Company being the petitioner, and Harold R. Locker being the respondent, except where the designation as they appeared in the proceeding before the State Industrial Commission is used in the quotations from the record, in which event they appear as respondent, meaning the Barnsdall Refining Company and claimant, meaning Harold R. Locker.

The employee's first notice of injury was filed March 12, 1937, and stated that while the respondent was in the boiler house in a trough lifting pipe, he injured his back; that he quit work immediately after the injury. On May 3, 1937, a stipulation and receipt was filed on Form 7 for total temporary disability. Thereafter an application was made to determine the degree of permanent disability, and hearings were held on June 30, 1937, and July 30, 1937, and September 10, 1937, after which the State Industrial Commission entered its order under date of November 15, 1937, finding that the respondent suffered a disability as the result of the accidental injury by reason of which he sustained a decrease of wage-earning capacity to the extent of $12 per week, and awarded him the minimum of $8 per week for not to exceed 300 weeks. This proceeding is brought to review the order as made.

The first contention is that the State Industrial Commission erred in refusing to grant petitioner an opportunity to be heard after the hearing at Oklahoma City, September 10, 1937. We shall review briefly the state of the record showing the conduct of hearings subsequent to the filing of the application to determine the degree of permanent disability. At the first hearing, on June 30, 1937, several witnesses were called. The respondent reviewed the facts relating to the injury. Dr. Ming testified for the petitioner. Dr. Boswell testified for the respondent. Mr. Hill testified for the petitioner, but his testimony was not technical. Mr. Granger testified for the respondent and his evidence related to nothing technical in so far as the injury was concerned. At the close of this hearing it was continued to the next Tulsa docket at the request of the petitioner. On July 30, 1937, at Tulsa, no witnesses were called, but the petitioner appeared and dictated into the record the following:

"By agreement with Attorney McMahan, attorney for the claimant, we ask that the setting of this case be stricken from this assignment, pending settlement, and that in the event of no settlement, the case to be submitted on the medical report of Dr. J. O. Love, physician for the respondent."

Whereupon the court remarked:

"The same to constitute the doctor's testimony if he were present and testifying under oath, and that the qualifications of said doctor are admitted."

The case was then set by notice for September 10, 1937, at Oklahoma City, at which time all of the parties appeared and the petitioner stated into the record:

"Comes now the respondent, Barnsdall Refining Corporation, and objects to the sufficiency of notice of this hearing, and to the jurisdiction of the commission for the purpose of holding this hearing, and further objects to the introduction of any evidence in this case at this time due to a stipulation of record in this cause, as appears in the record of July 30th, 1937."

The court remarked:

"Objection will be overruled and exceptions allowed for the reason the stipulation didn't accompany the doctor's report."

Dr. Love was the sole witness produced and at the conclusion of this hearing petitioner stated into the record:

"Comes now the respondent and moves that this case be continued to the next Tulsa docket for the purpose of respondent introducing further medical testimony subsequent to examination of the claimant by physicians. For two reasons the respondent suggests the next Tulsa docket and requests it be set at that time, for the reason I am not authorized to retain the services of Oklahoma City physicians nor Tulsa physicians at this time, but that by Tuesday of next week Mr. O'Dell, whose responsibility such acts are, can arrange for an examination by Tulsa physicians and Tulsa is more nearly located than Oklahoma City, and it would therefore be less expense to us than to send to Okmulgee."

Respondent made the following objection:

"We object to it being continued to the Tulsa docket for the reason the respondent has had the claimant fully examined and hearings have been had at Tulsa."

Thereupon the inspector holding the hearing stated that it would be taken up by the court as a whole to determine whether or not there would be a further hearing. No further continuance was granted, and in the award made as above stated there is a paragraph denying any further continuance.

Unless there is a clear abuse of discretion or a denial of some substantial right, this court will not interfere with the conduct of proceedings of the State Industrial Commission, or vacate an award for failure to grant a further continuance. Stanolind Pipe Line Co. v. Geurin, 162 Okla. 71, 19 P.2d 139; City of Guthrie v. Standley, 151 Okla. 72, 1 P.2d 678; Phillips Pet. Co. v. Bowling, 180 Okla. 138, 68 P.2d 489; Hauschildt v. Collins, 152 Okla. 193, 4 P.2d 99; Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P.2d 108; Forrester v. Marland, 142 Okla. 193, 286 P. 302; Long Bell Lbr. Co. v. Patterson, 153 Okla. 104, 5 P.2d 130; Sherman Machine & Iron Works v. State Industrial Commission, 146 Okla. 56, 293 P. 244; Merrick, Inc., v. Cross, 144 Okla. 40, 289 P. 267; Magnolia Pet. Co. v. Mitchell, 181 Okla. 48, 72 P.2d 502.

It is the duty of the State Industrial Commission under the Workmen's Compensation Law to determine all the facts in a particular proceeding; for this purpose it is essential that the commission have all the facts before it which were to be offered by the claimant in support of a claim, and also all of the facts relied upon by the employer or insurance carrier to disclaim liability. Forrester v. Marland, supra. The relevant statute substantially provides that the commissioners have no authority to close a case and enter an order denying compensation or awarding compensation until a full hearing has been had with an opportunity to both claimant and the employer to present their testimony. Hauschildt v. Collins, supra. It has been held that arbitrarily to deny the employer the opportunity to cross-examine a physician, whose report was introduced in evidence, is a denial of a full and complete hearing. Merrick, Inc., v. Cross, supra.

The question before us, therefore, is, Was the petitioner denied a substantial right to be heard and deprived of an opportunity to present information to the State Industrial Commission that could properly act as a guide in reaching a correct decision in making or denying an award. In this connection petitioner states that at the September hearing referred to above, respondent proceeded to introduce medical testimony relating to a disability which was wholly different from any testimony introduced at the prior hearing at Okmulgee by either party. This testimony was introduced by Dr. Love and related to the injury caused by the separation of the joints in the sacroiliac region. We find this matter gone into rather thoroughly by Dr. Ming on behalf of the petitioner and Dr. Boswell on behalf of the respondent in the hearing of June 30, 1937. Dr. Ming testified fully that there was no such injury that he was able to find. Dr. Boswell testified that there was such an injury. In Sherman Machine & Iron Works v. State Industrial Commission, supra, it is said:

"In a hearing before the State Industrial Commission upon proper notice and all parties are present or represented by counsel, an application for continuance is addressed to the sound discretion of the commission, and a judgment of the commission denying the continuance will not be reversed by this court on review, unless there is an abuse of discretion by the commission resulting in manifest injustice."

It is urged in the brief of petitioner that if given an opportunity it would produce further medical testimony from competent physicians to refute the statement of Dr. Love that the X-ray pictures showed a separation, and therefore an injury to the sacroiliac region. Assuming this to be true, we are of the opinion and hold that such medical evidence was merely cumulative. The State Industrial Commission should not close a case as long as there has been denied either party the right fully to present all of the facts that could be presented in evidence necessary to a determination of liability. On the other hand, either party should be frank to disclose any evidence that might be needed to determine liability. The record in this case does not disclose that any further evidence was needed by either party, and we cannot say as a matter of law that the petitioner has been denied any substantial right or an opportunity to present the cause before the State Industrial Commission.

The second contention of the petitioner

must be sustained in so far as the State Industrial Commission attempts to commute the award involved in this proceeding. This court has recently held that in an award for "other cases" permanent in extent and partial in degree, the State Industrial Commission is without authority to commute to a lump sum any portion of the award not due at the date thereof. Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P.2d 109.

The award is affirmed, with directions to the commission to strike therefrom any portion which purports to commute to a lump sum any amount which was not due at the date of the award.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.