Ross Oil Co. et al. v. Crouse et al.

*96 P. 2d 1030.*

No. 28952.   Oct. 31, 1939.

Rehearing Denied Dec. 12, 1939.

Gibson & Savage, of Oklahoma City, for petitioners.

Park Wyatt and Byron Lamun, both of Shawnee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought by the Ross Oil Company and Federal National Bank of Shawnee, Okla., employers, and the Traders & General Insurance Company, insurance carrier for both employers, petitioners, to review an award made to D. D. Crouse, respondent.

On the 15th day of May, 1937, the respondent filed his first notice of injury and claim for compensation against both employers, and therein stated that he was injured on the 16th day of March, 1937, in an automobile collision. Following a hearing commenced on June 24, 1937, an award was entered under date of January 10, 1938, for $63 for total temporary disability and $1,000 for disfigurement. During all of this time J. I. Gibson appeared for both employers and the insurance carrier. Neither party appealed from the award, and it became final. On the 11th day of February, 1938, one day after this award became final, the State Industrial Commission conducted a hearing on an application to settle a joint petition. This joint petition was not signed by anyone on behalf of the petitioner Federal National Bank of Shawnee, Okla., but was signed by the petitioner Ross Oil Company and the petitioner Traders & General Insurance Company, by John T. Weaver, attorney for the insurance carrier. It was also

signed by the respondent and his attorney. On the 25th day of February, 1938, after hearing the evidence, the State Industrial Commission entered its order disapproving the joint petition for settlement. Receipt for the $1,063 formerly allowed by the award of January 10, 1938, was executed and filed by the respondent.

On September 15, 1938, respondent filed his application to determine the nature and extent of the permanent disability. Hearings were conducted before Commissioner Ed Bason on October 3, 1938, and October 7, 1938, following which the present award was entered on October 8, 1938, finding that respondent was permanently and partially disabled by reason of said accidental injury and had thereby sustained a loss in wage-earning capacity of $100 and ordered payment of $15.39 per week not to exceed 300 weeks. Petitioners seek to vacate the award and present three specifications of error which shall be considered in their order.

It is first urged that the finding that respondent sustained a decrease in wage-earning capacity is not supported by any competent evidence. The record discloses that the respondent was injured on the 16th day of March, 1937, when his automobile was forced off the road and he was thrown through the windshield, sustaining a serious head injury and facial disfigurement, together with other injuries. We shall not detail the evidence as to the nature and extent of the disability for the reason that the disability is not in question. The sole issue on this phase of the case is that there is no competent evidence that such disability decreased respondent's wage-earning capacity. The nature of the disability is a serious and permanent nervous shock. At the time of the accidental injury respondent was drawing a salary of $125 per month from the Ross Oil Company and $125 per month from the petitioner Federal National Bank of Shawnee, which latter petitioner was operating certain oil properties as trustee for private individuals. Respondent was employed as superintendent in the joint operations, and testified that in the operation of both properties he frequently was forced to do heavy manual labor in and about the repairs and conduct of such properties; that since the accidental injury he becomes extremely fatigued after the slightest manual labor; that, whereas he formerly assisted the employees needing help, such exertion now tires him extremely. He has continued in the employment of the petitioner Ross Oil Company, and is now drawing a salary of $150 per month. He continued in the employment of the petitioner Federal National Bank of Shanee for approximately eight months after the accidental injury, at which time he was discharged. He states that since his discharge he has attempted to get other employment, but that he has not been able to do so, due to the fact that by long experience in this kind of work he is limited and suited only to this nature of employment, since his age of 48 years is a handicap in seeking other work. We are of the opinion, and hold, that the finding of the loss of wage-earning capacity is sustained by competent evidence. Decrease in wage-earning capacity is a question of fact to be computed by determining how much the ability to earn wages has been reduced by reason of the physical disability. Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P. 2d 109; Moore v. State Industrial Commission, 170 Okla. 9, 38 P. 2d 577; Southwestern States Telephone Co. v. State Industrial Commission, 181 Okla. 533, 75 P. 2d 468; Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P. 2d 308. As said in Blackstock Oil Co. v. Murtishaw, supra, the question of decrease in wage-earning capacity is one of fact to be computed by determining how much the ability to earn wages has been reduced by reason of physical disability. In making this computation the Industrial Commission should take into consideration all the testimony, the inferences reasonably deducible therefrom, and all other facts and circumstances in the case.

The second contention of the petition-

ers is that the State Industrial Commission erred in not continuing the cause to the Shawnee docket for the purpose of allowing the officials of the petitioner Federal National Bank of Shawnee, Okla., to testify that the reason the respondent was discharged was that the bank wanted an expert to handle its leases, and that the respondent was not discharged for inability to perform his work by reason of disability. We find testimony in the record to the effect that the officers of the bank gave this reason to respondent at the time of his discharge. We find no error in the refusal to continue the cause for the taking of this testimony, since such testimony, if taken along the line suggested, would have been cumulative. As said in the case of Barnsdall Ref. Corp. v. Locker, 182 Okla. 318, 77 P. 2d 749:

"It is the duty of the State Industrial Commission to grant both the employer and the employee full opportunity to be heard in a proceeding brought before it, but before an award entered by the commission denying or approving the claim of the injured employee will be vacated for failure to grant a continuance, it must appear that there has been a substantial failure to afford a full and complete hearing."

We have also held that it is not error to refuse to continue a hearing at the request of one of the parties where the evidence to be taken would be merely cumulative. Phillips Pet. Co. v. Bowling, 180 Okla. 138, 68 P. 2d 489. We find no abuse of discretion in refusing the continuance.

Finally it is urged that the State Industrial Commission having entered an award for temporary total disability and facial disfigurement on January 10, 1938, against the Ross Oil Company, only, it was thereafter without jurisdiction to enter an award for permanent disability against the petitioner Federal National Bank of Shawnee, Okla. We know of no case in point on a similar fact situation. However, the case is not without judicial precedent in principle. In Western Indemnity Co. v. State Industrial Commission, 96 Okla. 100, 219 P. 147, it was argued that because in a former award the State Industrial Commission had released the insurance carrier, said commission was without jurisdiction to hold the insurance carrier in a subsequent award. This court upheld the second award against the insurance carrier. In Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P. 2d 223, the State Industrial Commission entered an award against the Campbell Oil Company, and this court vacated the award because there was no evidence that the relation of employer and employee existed. Thereafter an award was entered against Glenn A. Campbell, employer, and this court affirmed the award. Campbell v. Elledge, 184 Okla. 147, 85 P. 2d 412. Having obtained jurisdiction to enter the award against both the employers, the fact that the award for temporary total disability and facial disfigurement was entered against the Ross Oil Company only did not divest the State Industrial Commission of a continuing jurisdiction to enter an award against both the Ross Oil Company and the Federal National Bank of Shawnee, and the fact that the Federal National Bank of Shawnee was not held in the first order of January 10, 1938, is a matter of which it is not in a position to complain.

The award is sustained.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.