WINTER v. E. B. BUSH CONST. CO. et al.

No. 34921. Oct. 23, 1951.

Rehearing Denied Jan. 8, 1952.

*239 P. 2d 521.*

W. C. Winter, claimant, pro se.

Butler, Rinehart & Morrison, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, V. C. J.   W. C. Winter, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that on October 5, 1948, while employed by respondent E. B. Bush Construction Company, he sustained an accidental injury arising out of and in the course of his employment when he fell from a scaffold.

An award was entered for an injury to the leg and in addition thereto permanent partial disability under the "other cases" provision of sec. 22, 85 O. S. 1941, for 2 per cent disability to the body as a whole.

In a proceeding brought to review the award, claimant presents three propositions. It is first argued that claimant was denied an opportunity of a complete hearing before the State Industrial Commission. This necessitates a review of the proceedings and of the evidence. The first hearing was conducted before Commissioner Holloway. It was stipulated that claimant was employed and was drawing wages suf-

ficient to justify the maximum rate of compensation of $21, and that he had been paid temporary total disability to and including the 22nd day of November, 1948. Claimant testified that he was injured at Purcell, Oklahoma, while working on a retaining wall; that he fell from a scaffold and the fall resulted in an injury to his leg and back. He was taken to a hospital at Purcell and given emergency treatment and removed to Oklahoma City. He went to Dr. James R. Huggins, who X-rayed his leg and found an incomplete fracture. The leg was kept in a cast until October 29, 1948, when the cast was removed. He testified that his back was still sore and that his leg continued to swell when he stood on it for any length of time.

This hearing was conducted on February 28, 1949, at Oklahoma City, Oklahoma. At this hearing Dr. James R. Huggins filed a medical report. He testified that he X-rayed claimant's lower extremity and found an incomplete fracture; that the leg was kept in a cast for five weeks and was treated for one week after the cast was removed. He described the treatment incident to the injury and stated that as a result of the injury claimant had a disability of 10 per cent to the foot.

Doctors Maril and Brown filed a joint report for the claimant and stated that as a result of the accidental injury claimant had a 5 per cent disability to the foot and none to the body as a whole.

Dr. Phil E. White filed a report in which he stated that due to the accidental injury claimant had 50 per cent disability to the leg and 20 per cent disabilty to the body as a whole. At the conclusion of this hearing the trial commissioner entered an order and award finding that as a result of the accidental injury claimant had a disability of 20 per cent to the right foot and 2 per cent to the body as a whole. This award was vacated on appeal to the commission en banc.

Thereafter, Commissioner Lyons conducted hearings on September 23, October 18, December 21, 1949, and January 10, 1950. During these hearings the following transpired: Dr. C. D. Moore filed a report stating that claimant had a disability of 15 per cent to the right foot. Dr. B. H. Moore filed two reports. In the first he stated that there was a disability of 10 per cent to the body as a whole in addition to the disability to the foot. In the second report he stated that there was a disability to the body as a whole of 20 per cent in addition to the disability to the foot. Dr. William L. Waldrop filed a report stating that claimant had completely recovered and that there was no disability. Dr. Phil White was called as a witness and testified that an examination of claimant revealed no change and that his condition was the same as given in his former report. The case was then submitted, and upon request of claimant the order of submission was revoked and the matter was set down for a further hearing.

In a letter addressed to the commission requesting such hearing, claimant stated that he was still temporarily totally disabled. Thereafter, on May 10, 1950, a hearing was conducted. In this hearing Joe Morgan and Harold Snellen were called as witnesses for claimant. Their testimony was directed solely to the question of wages. In addition to the testimony of these two witnesses, claimant again testified. Following his testimony several exhibits were introduced, all relating to the wage scale of the claimant. An examination of the record of these proceedings discloses that claimant was given an opportunity to introduce any and all testimony relative to any issue in dispute.

In Barnsdall Refining Corp. v. Locker, 182 Okla. 318, 77 P. 2d 749, it is stated:

"In a hearing before the State Industrial Commission upon proper notice and all parties are present or represented by counsel, an application for continuance is addressed to the sound discretion of the commission,

612

and a judgment of the commission denying the continuance will not be reversed by this court on review, unless there is an abuse of discretion by the commission resulting in manifest injustice."

The record does not show that the claimant was denied an opportunity of a complete hearing.

It is next argued that the State Industrial Commission erred as a matter of law in not allowing the introduction of evidence to establish the rate of compensation and that the commission erred as a matter of law in computing the rate of compensation. The maximum allowed by sec. 22, subd. 5, 85 O. S. 1941, at the time the above proceedings were conducted, was $21. It therefore became immaterial in the light of the above and foregoing stipulation what the evidence disclosed as to the rate of wages. There was no prejudice in the failure of the State Industrial Commission to take any testimony relative to the rate of compensation.

Finally, it is argued that the evidence does not support the award. In this connection it is claimant's principal complaint that he has been temporarily totally disabled since the accident and was temporarily totally disabled at the last hearing. This was the purpose of his reopening the case and the hearing on May 10, 1950. The evidence referred to above discloses that the medical evidence is in conflict. The chief complaint of claimant is that he has suffered a severe back injury. The cause and extent of the disability are questions of fact. We have stated that when temporary total disability ends and permanent partial disability exists are questions of fact for the determination of the State Industrial Commission, and if there is any evidence reasonably tending to support the finding of the State Industrial Commission in that respect, such finding will not be disturbed on review. Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P. 2d 560; Hamilton & Hartman v. Badgett, 164 Okla.

31, 22 P. 2d 350. The determination of the nature and extent of the employee's disability as the result of an accidental injury is for the State Industrial Commission, and is supported by the evidence will not be disturbed on review. Globe Indemnity Co. v. Christian, 167 Okla. 78, 27 P. 2d 830; Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P. 2d 108; Roberts v. Magnolia Pet. Co., 201 Okla. 370, 205 P. 2d 1160; Hollis v. Mid-Continent Petroleum Corp., 174 Okla. 544, 51 P. 2d 498; Turner v. State Industrial Commission, 174 Okla. 486, 50 P. 2d 668.

The award of the State Industrial Commission fixing the degree of disability is supported by the evidence.

Award sustained.

WELCH, CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.

Rehearing Denied Jan. 8, 1952.