Pete PARKER and United States Fidelity and Guaranty Company, a Corporation, Petitioners,

v.

Pearl WILLIAMS and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38304.

Supreme Court of Oklahoma.

Nov. 18, 1958.

**20**

Edgar Fenton, Elliott C. Fenton, Oklahoma City, for petitioners.

Fred M. Hammer, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On or about the 15th day of January, 1958, Pearl Williams, widow of Ernest Williams, deceased, hereinafter called employee, filed her first notice of injury and claim for compensation under the Death Benefit Provisions of the Workmen's Compensation Law, 85 O.S.1951 §. 1 et seq. (The record before us erroneously recites such claim to have been received by Commission on May 15, 1958.) The State Industrial Commission entered an award for the maximum amount of $13,500 in her favor and this proceeding is brought by the employer, Pete Parker, doing business as Parker Chevrolet Motor Company, and his insurance carrier, United States Fidelity and Guaranty Company, to review the award.

The record discloses that the employee sustained an accidental injury resulting in death on January 11, 1958. The cause of the death is not presented as an issue in this proceeding.

Claimant testified she had been married once before to Dock Van; that six children were born of this marriage, that three of them are living and three are deceased; that the living children are over twenty-one years of age; that she was divorced from Dock Van; that claimant and decedent were married August 25, 1942; that there were no children born of this marriage. Claimant testified she was dependent upon the employee for her livelihood.

After the trial judge entered the award the petitioners filed the following:

"To: State Industrial Commission
State Capitol Building,
Oklahoma City 5, Oklahoma

"Pearl Williams and Fred M. Hammer, her attorney of record, Liberty Bank Building, Oklahoma City 2, Oklahoma

"You and each of you, will please take notice that the Respondent Pete Parker doing business as Parker Chevrolet Motor Company, and United State Fidelity and Guaranty Company, Insurance carrier, do hereby appeal from the order, decision and award of the Honorable Marx Childers, Trial Judge, made and entered in this cause on the 21st day of March, 1958, to the Commission en banc.

"The grounds of the appeal are:

"1. The award of the Trial Judge is not sustained by a preponderance of the evidence.

"2. The hearing was conducted on March 20, 1958. The award was made and sent to the parties March 21, 1958. The claimant, Pearl Williams, testified at the hearing on March 20, 1958, that she had been married only once prior to her marriage to the deceased, Ernest Williams, that said marriage was to Doc Van and had been terminated by divorce at Ardmore, Oklahoma, and that 6 children were born of said marriage, whereas in truth and in fact said claimant, Pearl Williams, then Pearl Van, filed a verified petition in the District Court of Carter County on the 5th day of November, 1924, in which she alleged that the purported marriage to said Doc Van was void for the reason that said

party had a living undivorced wife at the time the said marriage was entered into. Defendant prayed for a divorce and custody of the two minor children, 5 and 4 years of age, respectively, instead of 6 children as testified to by said claimant in the hearing before the Trial Judge, all as shown by a certified copy of said petition in Cause No. 12705 in the District Court of Carter County and certified copy of Decree of Divorce entered on the 30th day of March, 1925, in said cause, said certified copies being attached hereto, identified as Exhibit 1 and 2 and made a part hereof. Said claimant, Pearl Williams, testified at said hearing on March 20, 1958, that the said Ernest Williams had never been married prior to the marriage of claimant and the said Ernest Williams at Pauls Valley, Oklahoma. Said claimant, Pearl Williams, then Pearl Hoffman, signed and verified an Application for marriage license to said Ernest Williams on August 25, 1942, in which it is stated that said claimant had been twice previously married, that said marriages had been terminated by divorce and that said deceased, Ernest Williams, had been previously married and divorced, all as shown by certified copy of said Application filed in the office of the Court Clerk of Garvin County, Oklahoma, identified as Exhibit 3 and attached to and made a part hereof.

"3. That in the interest of justice and that the facts may be established as to whether or not said claimant is a legal heir and dependent as contemplated and provided by the Workmen's Compensation Act this cause should be remanded to the Trial Judge for further proceedings and to take further testimony upon due notice to the parties.

"Wherefore Respondent and Insurance Carrier pray that the Com-

mission remand this cause for further proceedings."

Thereafter they filed a supplemental notice as follows:

"Comes now the respondent and insurance carrier and for supplement to their notice of appeal heretofore filed in this cause, allege and state:

"That since notice of appeal was filed in this cause the respondent and insurance carrier have conducted further investigation and have been informed and therefore believe that after the divorce of the claimant from Doc Van on March 30, 1925, the claimant lived in Garvin County, Oklahoma, with one Branch, as husband and wife, and that there was born of that marriage at least two children; Garland Ray Branch and Marve Branch; and that after said marriage to Branch was terminated or the parties separated, claimant lived with another man, as husband and wife, and that by both of these marriages, the claimant has had five children.

"Respondent and insurance carrier show the Commission that the claimant willfully withheld this information at the hearing on March 20, 1958; and that by reason thereof, further hearings should be conducted to determine the facts as to whether the claimant is in fact a legal dependent as contemplated by the Workmen's Compensation Act.

"Wherefore, respondent and insurance carrier pray that the Commission remand this cause for further proceedings."

■ Petitioners rely on Stanolind Pipe Line Co. v. Geurin, 162 Okl. 71, 19 P.2d 139; Barnsdall Refining Corporation v. Locker, 182 Okl. 318, 77 P.2d 749; and City of El Reno v. Short, 206 Okl. 592, 245 P.2d 711. In each of these cases the party seeking further hearing asked at the time of the trial to be permitted to offer some specific testimony. In Stanolind Pipe Line Co. v. Geurin, supra, the application was granted; in the other two cases the

**22**

application was denied. In Barnsdall Refining Corporation v. Locker, supra [182 Okl. 318, 77 P.2d 750], it is stated:

"It is the duty of the State Industrial Commission to grant both the employer and the employee full opportunity to be heard in a proceeding brought before it, but, before an award entered by the commission denying or approving the claim of an injured employee will be vacated for failure to grant a continuance, it must appear that there has been a substantial failure to afford a full and complete hearing."

■■ Petitioners did not seek any relief before the trial judge but ten days after the award was entered filed the first application above set out. On May 6th thereafter they filed the supplemental application. The case remained with the Commission en banc until its order affirming the award was entered on the 7th day of May, 1958. At no time was it suggested that any investigation revealed any probability of any other legal dependent of the employee. It is not claimed the marriage of claimant and employee is invalid. Petitioners introduced the marriage certificate of claimant and employee and their marriage is undisputed. Claimant testified they lived together and she was dependent on him and there is no evidence to dispute this testimony. The brief of petitioners was filed August 8, 1958. It contains no statement of a probability of a dependent other than claimant. Petitioners fail to disclose in what respect the award would have been different if every fact alleged in the applications filed could be established.

An application to vacate an award should not be based on conjecture and surmise. The State Industrial Commission did not err in refusing to vacate the award and order a further hearing.

Award sustained.

CORN, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.