Marvin C. BOWLING, Petitioner,

v.

BLACKWELL ZINC COMPANY, Inc., Own Risk and the State Industrial Court, Respondents.

No. 39123.

Supreme Court of Oklahoma.

Dec. 13, 1960.

Rehearing Denied Feb. 28, 1961.

732

James Duley, Ponca City, for petitioner.

Felix Duvall, Ponca City, for respondents.

JACKSON, Justice.

On June 28, 1958, claimant, Marvin C. Bowling, became overheated while working at the furnaces of respondent Blackwell Zinc Company. He filed his claim for compensation with the State Industrial Court and was paid temporary total disability through July 28, 1958.

Thereafter hearings were conducted to determine whether claimant was entitled to receive further or additional compensation, and on March 19, 1959, the trial court entered an order finding that claimant sustained an accidental personal injury from heat stroke, arising out of and in the course of his hazardous employment with respondent on June 28, 1958, and was temporarily total-

ly disabled until July 28, 1958. The trial court further found that claimant had sustained 5% permanent partial disability to the body as a whole for which he was entitled to compensation for 25 weeks at $30 per week, or a total of $750; but made no other findings unless by implication.

After the said findings and award of the trial court were affirmed by the State Industrial Court en banc, an original proceeding was filed by claimant in this court for review. Upon review we concluded that claimant was entitled to findings on the issues of reimbursement for medical expenses paid by him in connection with his injury and the extent of claimant's loss of hearing, raised by the evidence, and vacated the award for further proceedings. Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1024.

After the case was remanded to the Industrial Court, claimant filed a motion wherein he requested the Industrial Court to determine claimant's temporary and permanent disability and the amount of medical expenses that should be paid by the respondent.

At the hearing on remand held on January 28, 1960, claimant stated to the trial judge that he would like to present evidence "to confirm with the motion" hereinabove mentioned. The trial judge denied this request and overruled claimant's motion except as it pertained to the issues of loss of hearing and payment of medical expenses by respondent and limited new evidence to those issues.

After the conclusion of the hearing on remand and on March 28, 1960, the trial judge found (affirmed on appeal to the Industrial Court en banc) as follows:

"That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent within the terms and meaning of Workmen's Compensation Law, on June 28, 1958, consisting of a heat stroke.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week for temporary total disability and $30.00 per week for permanent partial disability; that as a result of said injury, claimant was temporarily totally disabled from June 30, 1958, to July 29, 1958, for which time he is entitled to compensation in the total amount of $145.83, which amount has been paid and *on which date temporary total disability ended.*

"That respondent is ordered to pay the medical bill of the treating doctor in the amount of $125.00 and drug bill in the amount of $78.84.

"That as a result of said injury, claimant has sustained 25 per cent permanent partial disability to his each ear for which he is entitled to compensation for 50 weeks at $30.00 per week or the total amount of $1500.00, *and claimant sustained no other disabilities arising out of said stroke.*" (Emphasis added.)

In the instant proceeding to review the above-quoted order, claimant first contends that said order is contrary to the undisputed medical evidence in the record. In this connection, it is argued that the deposition of Dr. L. H. B. (hereinafter referred to) constituted the entire medical evidence, and that it tends to show that claimant's temporary total disability did not terminate on July 28, 1958, and in fact that claimant is now permanently and totally disabled.

We do not consider this contention of claimant to be the immediate question presented herein, for the reason that the trial court expressly limited the additional evidence at the hearing on January 28, 1960, to that pertaining to the issues of claimant's loss of hearing and payment of medical expenses by respondent. In view of the objections of respondent's counsel during the taking of the deposition to any testimony of the deponent except pertaining to those issues, and the action of the trial court, we think it clear that the trial court did not

consider the deposition in connection with any issues other than claimant's loss of hearing and right to reimbursement for medical expenses paid by claimant, in making the order complained of.

This brings us to claimant's second contention, which we think decisive herein, that claimant was denied due process of law by the action of the trial court in limiting additional evidence at the hearing of January 28, 1960, to the two above-mentioned issues, and in apparently refusing to consider the deposition of Dr. L. H. B. for any other purpose. To resolve this question requires a complete review of the medical evidence presented at all previous hearings and reintroduced on remand, as well as additional evidence presented and offered at the hearing on remand, and other facts.

Claimant testified that at the time he sustained the heat stroke he was sent to Dr. L. H. B. That Dr. L. H. B. was on vacation and that claimant saw, and was treated by Dr. D. E. B., the son of Dr. L. H. B. who was handling his father's patients while his father was on vacation. This testimony appears to be corroborated by Drs. L. H. B. and D. E. B. and employer's first notice of injury wherein it is shown that respondent had provided medical treatment by Dr. L. H. B.

Form 4, the Attending Physician's Report, was signed by Dr. D. E. B. Therein it is shown that claimant was released to work as of July 28, 1958. However, at a hearing subsequent to the filing of Form 4 the respondent introduced a letter report dated August 21, 1958, from Dr. D. E. B. wherein it is stated:

"Marvin Bowling was released to return to work on July 28, 1958, because I felt he probably was able to return to work on that date.

"Sometimes individuals who have had heat exhaustion are not able to tolerate heat for much longer periods of time than this. This can be determined only by trial."

At hearings conducted prior to remand, the following medical reports were introduced by claimant: Dr. L. H. B., for claimant, stated that he advised claimant not to work, and that it was his opinion that claimant would be unable to work for an indefinite period, and certainly not until the weather became much cooler than in the summer months. He was of the opinion that claimant was suffering from after-effects of heat exhaustion and was sure claimant was then unable to work, but would be able to resume normal duties during the winter months; that it was possible claimant would not be incapacitated in the summer of 1959, but that some individuals who suffer heat stroke will never be able again to work where the environment is hot.

Dr. C. A. G., for claimant, stated that claimant had been changed by the heat exhaustion episode from a man who could work to a man who could not work. He was of the opinion that claimant's permanent partial disability resulting from heat exhaustion was 50% to the body as a whole, insofar as his ability to do ordinary manual and mechanical labor was concerned.

Dr. R., for claimant, was of the opinion that claimant had a 10% permanent partial disability to the body as a whole, and that the disability could be increased.

Dr. J. H., for claimant, found that the onset of ringing in claimant's ears was simultaneous with heat exhaustion and very probably the cause of injury to the eighth cranial nerve and organ of Corti, producing hearing deficiency and tinnitus. In his supplemental report Dr. H. enclosed the results of audiograph showing a combined hearing loss of both ears of 21.8%, and added another 5% for hearing loss because of tinnitus.

Respondent, prior to remand, introduced the report of Dr. L. W. G. Dr. L. W. G. found no evidence of residual impairment and concluded that claimant had sustained no permanent disability to the body as a whole. His report did not indicate that he had examined claimant for loss of hear-

ing, or that claimant had complained of loss of hearing.

After remand, the following new or additional evidence was introduced and offered for consideration of the trial court.

Dr. L. H. B., for claimant, testified by deposition, taken after remand on January 23, 1960, that he saw claimant professionally on July 28, 1958, and advised claimant to stay quiet, find the coolest place he could, not expose himself to heat or the sun, and not to exert himself. He was of the opinion that claimant was unable to do ordinary manual labor on July 28, 1958. He further testified that he had seen claimant regularly since that date and it was his opinion that claimant had not been able to do ordinary manual labor, or labor that required strenuous exertion, especially if exposed to heat, since his injury. The following question was then asked and answered:

"Q. Doctor, in your professional opinion, has a sufficient time elapsed since July 28, 1958, until this date that would indicate to you, as a doctor, whether this condition has now become a permanent condition? A. It is my opinion it has become a permanent condition."

On redirect examination Dr. L. H. B. testified that his son saw claimant on June 30, July 2, July 5, July 9, July 12, and July 16, 1958, and that after the 16th of July, 1958, he (Dr. L. H. B.) took care of claimant. On cross-examination, Dr. L. H. B. stated that he agreed with his son's letter-report, quoted above, wherein his son commented on the release of claimant for work on July 28, 1958.

When the parties had concluded the taking of the above-mentioned deposition of Dr. L. H. B., they stipulated that Dr. D. E. B., who had overheard his father's testimony, would be in accordance with his father's testimony if his deposition were taken.

Respondent introduced a report of Dr. E. H., an eye, ear, nose, and throat specialist, dated January 23, 1960. Dr. H. in his report stated that he did not associate any compensation liability with this claim.

■ It is well settled that prior to a final order it is mandatory to afford all parties full opportunity to introduce any competent evidence bearing on claimant's entitlement or lack of entitlement to an award. Forrester v. Marland, 142 Okl. 193, 286 P. 302; Long Bell Lumber Co. v. Patterson, 153 Okl. 104, 5 P.2d 130; Stanolind Pipe Line Co. v. Geurin, 162 Okl. 71, 19 P.2d 139.

■ We think it evident that the action of Dr. D. E. B. in returning claimant to work on July 28, 1958, was based on his tentative opinion that claimant would be able to resume his normal work duties on that date, subject to actual trial. The deposition testimony of Dr. L. H. B. based on his subsequent treatment, observation and examination of claimant for a period of more than two years after the date of the report of Dr. D. E. B. and the stipulation at the taking of the deposition of Dr. L. H. B., rendered the report (Form 4, supra) of Dr. D. E. B. of little or no probative value. We also agree with claimant that such deposition tended to show a change of condition for the worse. See 85 O.S.1951 § 28, Change of Condition, and Southern Drilling Co. et al. v. Daley, 166 Okl. 33, 25 P.2d 1082.

We conclude that the deposition of Dr. L. H. B. was competent and material on the issues of claimant's temporary and permanent disability and was not merely cumulative. If, as we assume, the trial court did not consider such deposition on those issues, it was prejudicial error. Compare Wm. A. Smith Const. Co. v. Price, 178 Okl. 423, 63 P.2d 108.

If the court did consider such deposition on those issues the order finding that claimant's temporary total disability terminated on July 29, 1958, and that claimant sustained no other disabilities (than impairment of hearing) arising out of said stroke is not supported by competent evidence. Largent v. Perry Construction Co., Okl.,

736

316 P.2d 852. Southern Drilling Co. et al. v. Daley, supra.

Claimant does not complain of those portions of the order which award claimant permanent partial compensation for impairment of hearing, and require respondent to pay medical expenses. Respondent in its brief asks that those awards be affirmed. We find said awards supported by competent evidence and they are hereby sustained. The remainder of the order is vacated, with directions to afford both parties full opportunity to present additional evidence on the undisposed of issues of claimant's alleged temporary and permanent disability to the body as a whole.