**STANDARD COAL CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 19991.    Opinion Filed Oct. 1, 1929.

Rehearing Denied Nov. 12, 1929.

White & White, for petitioner.

C. C. Williams, Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., for respondents.

HEFNER, J. The respondent, J. W. Skipper, while in the employment of the Standard Coal Company, the petitioner herein, as a shot firer and while in a stooping position waiting for the train to get out of his way, was injured by the falling of a rock, and as a result of the injury respondent lost, to a large extent, the lateral motion of his head.

The Commission found that at the time of the hearing the claimant was totaly disabled from the performance of ordinary manual labor, but further found that it could not be determined at that time whether or not said total disability was permanent, and ordered the respondent to pay the claimant compensation at the rate of $18 per week from February 28, 1928, less seven days in which claimant attempted to perform work and for which period he received wages, and further ordered that the compensation should continue weekly at the rate of $18 until the determination of the disability, or until otherwise ordered by the Commission, and that the cause should be continued to determine whether or not claimant's total disability was permanent. The petitioner has brought this order here for review.

Error is urged because of the admission in evidence of the ex parte statement of Dr. Leroy Long. The petitioner also urges that there was no evidence whatever to support the award. Did the Commission commit error in admitting in evidence the statement of Dr. Long?

The Commission, acting under the authority given it by section 7293, C. O. S. 1921, required the claimant to submit himself for medical examination. The petitioner agreed to and did pay claimant's expenses from Poteau to Oklahoma City for the examination. The petitioner had notice of the examination. If the petitioner so desired, it was entitled to have a physician present, of its own selection, to participate in the examination.

Section 7318, C. O. S. 1921, is, in part, as follows:

"The Commission shall adopt reasonable rules, not inconsistent with this act, regulating and providing for: * * *

"2. The nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to compensation."

This statute requires the Commission to adopt reasonable rules providing, among other things, for the nature and extent of the proofs and evidence, and the method of taking and furnishing the same. The privilege of calling Dr. Long as a witness was extended to the petitioner, but it did not call him.

While the statute requires the Commission to adopt reasonable rules providing for the nature and extent of the proofs and evidence, and the method of taking and furnishing the same, we do not think it was intended, in the absence of an agreement or waiver, to permit an ex parte statement of a witness to be considered by the Commission as evidence. In the absence of agreement or waiver the evidence must be taken in the manner provided by statute. It follows that the Commission committed error in considering as evidence the statement of Dr. Long.

It has often been held that where there is any competent evidence to support the award of the Commission, this court will not weigh the evidence upon which any finding of fact is based. After a careful consideration of the evidence, and without considering the evidence of Dr. Long, we have concluded that there is competent evidence supporting the award, and for that reason it should be, and is, affirmed.

LESTER. V. C. J., and HUNT, CLARK. CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., dissents.

Note.—See under (2) anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1C00; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011. Workmen's Compensation Acts—C. J. §113, p. 115, n. 32; §127, p. 122, n. 40.