### F. W. MERRICK, Inc., et al. v. CROSS et al.

No. 20993. Opinion Filed June 17, 1930.

Clayton B. Pierce, for petitioners.

Paul F. Showalter and Robert Keevan, for respondents.

HEFNER, J. On January 27, 1929, Joe Cross, one of the respondents herein, sustained an injury while in the employment of F. W. Merrick, Inc., by being struck on the head by a sledge nipple. After receiving medical attention he returned to work on April 21, 1929, as a pumper, and continued to work for about ten weeks, when, because of a disagreement with the foreman, he left the employment of the petitioner. The respondent claimed that he had sustained a depressed fracture of the skull. This issue was denied by the petitioner.

On October 28, 1929, an order was entered by the Commission wherein it was found that the employee had sustained a depressed fracture of the skull and the petitioner was directed to tender medical attention by some competent surgeon to lift the depression. This order was later vacated, and the Commission directed the respondent to appear before three physicians for examination.

On November 23, 1929, without any further hearing in the cause, the Industrial Commission entered an order a portion of which is as follows:

"Now on this the 23rd day of November, 1929, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to the report of the examining physicians appointed by this Commission on the 8th day of November, 1929, and it appearing to the Commission from said report that the claimant herein is at this time totally disabled and that said claimant should be again examined at the end of ten or twelve months from the date of said examination and that at this time no surgical or mental treatment other than hygienic care, including rest, is indicated.

"The Commission is of the opinion, by reason of the findings and said report of the examining physicians, that the claimant is entitled under law to compensation at the rate of $15.39 per week until further order of the Commission, and it appearing to the Commission that said claimant has been paid compensation to the date of October 28, 1929, the Commission is of the further opinion that certain other expenses, including medical attention, witness fees, and expense of the claimant for X-ray pictures advanced by him, should at this time be paid by the respondent or insurance carrier.

"It is therefore ordered that, within ten days from this date, the respondent or insurance carrier pay to the claimant compensation at the rate of $15.39 per week from the 29th day of October, 1929, to this date, and to continue said weekly payments to claimant in said sum of $15.39 per week until further order of the Commission.

"It is further ordered that said respondent or insurance carrier within ten days from this date pay the following amounts: To Dr. J. R. McLauchlin, Medical Arts Bldg., Oklahoma City, Okla., $21 for medical attention to claimant, and $15 for witness fees; to Dr. E. C. Wilson, Medical Arts Bldg., Oklahoma City, Okla., the sum of $15 witness fee, and to the claimant herein the additional amount of $15 which said claimant advanced for the purpose of securing X-ray pictures.

"It is further ordered that the claimant herein at the expiration of 12 months from this date submit himself to the Commission for further examination, unless the Commission shall order an examination prior to that date."

This is an original application in this court to review this order. The errors complained of are as follows:

"1. That said order is contrary to law.

"2. That said order is not supported by any competent evidence.

"3. That the Commission in making said order based its conclusions on ex parte

statement, the ex parte medical reports, not offered in evidence and not properly a part of the record evidence in this case.

"4. That the Commission was without authority of law to direct your petitioners to pay to Dr. J. R. McLauchlin the sum of $36, alleged to be due for medical attention, and $15 for witness fee.

"5. The Commission is without authority of law to direct your petitioner to pay to Dr. E. C. Wilson the sum of $15 witness fee.

"6. That the Commission is without authority of law to direct your petitioner to pay to the claimant, Joe Cross, the sum of $15 alleged to have been advanced by the claimant for the purpose of securing an X-ray picture.

"7. That the order is not supported by the findings of fact."

In their answer the respondents admit the Commission committed the errors complained of in specifications Nos. 3, 4, 5, and 6. But it is contended that there is sufficient evidence in the record to sustain the findings of the Commission when it directed the respondent to pay the claimant compensation at the rate of $15.39 per week from the 29th of October, 1929, to the date of trial and until the further order of the Commission.

By referring to the first paragraph of the order of the Commission, supra, it clearly appears that the award of the Commission was based on the report of the examining physicians. They did not testify as witnesses in the case. The petitioner had no opportunity to cross-examine them. They filed a report, and the Commission based its award upon the report.

In the case of Standard Coal Company v. State Industrial Commission, 139 Okla. 269, 281 Pac. 966, this court held that the ex parte statement of an examining physician could not be admitted in evidence over the objection of the opposing party. There it was said:

"Subdivision 2, sec. 7318, C. O. S. 1921, authorizes the State Industrial Commission to adopt reasonable rules, not inconsistent with the act, regulating and providing for the nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to compensation; however, in the absence of an agreement or a waiver, it is necessary that the evidence be taken in some manner provided by statute."

An ex parte statement of a physician cannot be considered as evidence unless, of course, it is agreed to by the opposing party.

In the case of Forrester v. Marland et al.,

142 Okla. 193, 286 Pac. 302, this court held that the hearing meant a full and complete hearing; that claimant should be given every reasonable opportunity to present his claim and respondent should be given the same rights and privileges. In the case at bar the petitioner did not have the privilege of cross-examining the physicians, and without this privilege the hearing before the Commission could not be a "full and complete hearing." The Commission committed prejudicial error when it considered the report of the physicians without the same having been introduced in evidence in some manner prescribed by statute. Accordingly the Commission is directed to vacate its order of November 23, 1929, and to take such further proceedings as it deems proper and not inconsistent with the views herein expressed.

LESTER, V. C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.