## JOY et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 27760. Feb. 1, 1938.

Bailey & Hammerly, for petitioners.

Birge & Schwoerke and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by M. A. Joy and Altus Compress Company, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of the respondent, Jesse Long. The parties will hereafter be referred to as petitioners and respondent.

The respondent was in the employ of the petitioner Altus Compress Company on November 22, 1935, and engaged in a hazardous employment as defined by the Workmen's Compensation Law of this state when he sustained an accidental personal injury. The petitioner furnished medical attention until December 23, 1935, and paid compensation for the period of resulting temporary total disability. The attending physician in his report to the commission described the respondent's injuries as consisting of a sprained left hand and a deep cut on the upper lip, and stated that as a result of the accident the respondent would be temporarily totally disabled for a period of approximately four weeks. The employer's notice of injury described substantially the same injuries and stated that the respondent had fully recovered therefrom, and that his average daily wage at the time of his injury was $1.60, and that he had been fully compensated. Employee's first notice of injury and claim for compensation stated that he had sustained injury to his hand, back, face, and arms and that they were permanent in nature, and that his average daily wage at the time of his injury was $1.70. Thereupon the respondent requested the commission to determine the nature and extent of his injuries and the resulting disability and to award him compensation accordingly. Petitioners then filed an answer and motion wherein they stated that they had furnished necessary medical attention, and that the respondent had fully recovered from his accidental injury and had been paid all compensation due him for disabilities sustained as a result of the accident, and further stated that the respondent was dissembling and requested that the commission have

some disinterested physician examine the respondent and make a report as to his findings of respondent's actual disability, if any. The commission thereafter appointed Dr. LeRoy Long to make such examination and report, and this report, in the form of an ex parte statement, was subsequently filed with the commission. The petitioners took no exception to this report or to its admission in evidence, but paid the expense incident thereto, acquiesced before the commission in its consideration of this report in evidence, and made no effort to produce Dr. Long before the commission and have him testify in the usual manner. The medical testimony of the parties is in substantial agreement concerning the fact that the respondent had been suffering with pyorrhea and syphilis prior to his injury, but was in sharp conflict over whether said diseases or either of them were the sole cause of respondent's disability or whether the injury had aggravated the syphilitic condition and thus brought about the respondent's disability. The doctors appearing for the petitioners were of the opinion that the disability of the respondent was attributable solely to the pre-existing diseases, while the doctors appearing for the respondent were of the opinion that the syphilitic condition existing prior to the injury had been latent, and as a result of the accident had been activated, and therefore was the direct and proximate cause of the respondent's disability. The report on examination made by Dr. Long and his conclusions supported the opinions of the physicians appearing for the respondent. It developed at the hearings held by the commission that the respondent had only worked for three weeks in the employment in which he was engaged at the time of his injury, but there was no evidence offered to prove the average daily wage of the respondent other than the evidence as to what he was receiving in the specific employment at the time of his injury.

Upon the evidence substantially so above stated the cause was submitted to the commission, who thereupon found that the daily wage of the respondent at the time of his injury was $1.70 and that in addition to a temporary total disability for which he had been paid, respondent had sustained a temporary partial disability by reason of which he had suffered a decrease of 70 cents per day in his wage-earning capacity, and thereupon awarded respondent compensation at the rate of $4.20 per week for a period not to exceed 300 weeks subject to the continuing jurisdiction of the commission. As grounds for the vacation of this award the petitioners urge, first, that the competent evidence does not sustain the finding of the commission that the respondent sustained a temporary partial disability as the result of his accidental injury; and, second, that there is no competent evidence to sustain the finding of the commission with respect to the item of daily wage, and therefore no proper basis upon which to compute compensation.

The substance of the petitioners' argument under their first contention is that the report submitted by Dr. Long was incompetent and inadmissible in evidence for the reason that his conclusions were predicated in part upon hearsay, and since the respondent indubitably was suffering from two pre-existing diseases, either of which might have been responsible for his disability, that therefore the finding of the commission that the injury was the proximate cause of the disability had to be based upon surmise, conjecture and speculation rather than competent evidence. It will be noted that the petitioners have advanced a compound argument under a single contention. The first feature of this argument is directed to the rule applicable in cases where a trial is had to a jury and the situation presented in the case of Texas Employers' Ins. Ass'n v. Wallace (Tex. Civ. App.) 70 S. W. 832, is an excellent illustration of the proper application of the rule. However, this rule does not prevail in proceedings had before the State Industrial Commission of this state; they being given a wide latitude and a broad discretion in the manner of conducting investigations and the methods under which they will proceed (see sections 13360 and 13384, O. S. 1931), the limitation placed upon the commission being that in the absence of agreement or waiver, evidence before the commission must be taken in some manner provided by statute. See Standard Coal Co. v. State Industrial Commission, 139 Okla. 269, 281 P. 966. The petitioners apparently overlook the fact that they did not raise any objection to the reception of Dr. Long's report by the commission and did not take any exceptions thereto, and that in fact this report was received in evidence in response to their direct request and suggestion, and further that the petitioners did not in any manner seek to have Dr. Long appear before the commission and give his testimony and evidence in the mode provided by law. We think that under these circumstances the petitioners both consented to the introduction of the report by Dr. Long and waived any proper objections that they may have had thereto.

The fact that the respondent had sustained an accidental personal injury was not disputed. The medical evidence before the commission, which was the sole competent evidence on the question of the nature and extent of the respondent's disability, was in conflict, and under these circumstances the cases of City of Duncan v. Tidwell, 48 Okla. 382, 150 P. 112; St. Louis & S. F. Ry. Co. v. Model Laundry, 42 Okla. 501, 141 P. 970; Loomis v. Industrial Comm. of Wis. (Wis.) 256 N. W. 693, cited by petitioners and wherein an inference upon an inference and preponderance of possibilities are discussed, have no application to the situation here presented. On the other hand, we find that the applicable rule has been stated in Shell Petroleum Corp. v. White, 176 Okla. 573, 56 P. (2d) 830 as follows:

"Where, in a proceeding before the State Industrial Commission to obtain an award for compensation under the Workmen's Compensation Law, the evidence is conflicting as to whether the disability of the employee is due to disease or to an accidental injury, and there is competent evidence to support either theory, an award based on accidental injury is within the jurisdiction of the commission and will not be disturbed by this court on review."

Under the evidence before it the commission was called upon merely to decide which witnesses they would believe and the weight that they would give to the testimony of the witnesses appearing before it, and not to indulge in any surmise, conjecture, and speculation, nor to base any inference upon an inference. It appears that the commission chose to believe the witnesses appearing and testifying for the respondent and the report of Dr. Long as to his findings upon an independent examination of the respondent at the direction of the commission, and at the request of the petitioners. In so doing the commission were merely acting as arbiters of facts and were acting within their province. Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P. (2d) 897; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847; Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P. (2d) 108. It is clearly apparent from what has been said in the foregoing cases that neither feature of the petitioners' first contention can be sustained under the record here presented.

The next contention of the petitioners to the effect that the finding of the item of average daily wage of the respondent is without the support of any competent evidence sufficient to compute compensation is correct and must be sustained. As previously stated the record shows that the respondent had only worked approximately three weeks in the employment in which he was engaged at the time of his injury, and no effort was made to prove what other employees were receiving in the same line of employment under subdivision 2 of section 13355, O. S. 1931, but the testimony was confined solely to the wages received by the respondent in the employment at the time of his injury. This court has repeatedly held that under these circumstances there is no competent evidence to sustain such a finding. As said in the case of Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. (2d) 777:

"Where the injured employee claiming compensation had not worked at the employment in which he was engaged at the time of the injury complained of during substantially the whole of the year immediately preceding the injury, and there was offered no evidence as to the average wages or salary earned by an employee of the same class so working in the same or similar employment in the same or neighboring place, or other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, according to the formula prescribed by section 13355, O. S. 1931, for determining the basis of compensation in such cases, evidence as to the wages or salary received by such injured employee at the time of his injury, standing alone, was incompetent and there was no competent evidence before the commission upon which to base the computation of the compensation awarded."

Since the finding of the commission as to the average daily wage of the respondent is without the support of any competent evidence, and the commission had before it no proper basis upon which to compute compensation, the award will have to be vacated for this reason. The award is, therefore, vacated for the purpose of enabling the commission to take the proper steps to make a proper finding of the item of average daily wage and to make a correct award after such finding has been reached. Award vacated.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and DAVISON, JJ., concur.