## MID-UNION DRILLING CO. et al. v. GRAHAM et al.

No. 28457. Jan. 31, 1939.

Rehearing Denied March 28, 1939.

Clayton B. Pierce and Truman B. Rucker, for petitioners.

Squyres, Hunt & Gay and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent. Respondent sustained an accidental injury resulting in a head injury on June 8, 1937, while employed as a laborer for the petitioner in one of the industries and trades covered by the Workmen's Compensation Law. On February 19, 1938, the State Industrial Commission entered its award of which complaint is made.

There were two hearings; one on the 29th day of November, 1937, and one on the 22nd day of December, 1937, after which the case was submitted. On January 3, 1938, the State Industrial Commission entered an order, later corrected under date of January 8, 1938, directing that the respondent report to Dr. E. D. Goldfain for examination, and in the order entered it was directed that the respondent and the petitioner and insurance carrier might, upon notice to the examining physician, have doctors of their own choice at the said examination. The doctor made his report, which is not in the record. Petitioner makes no explanation as to why the record does not contain the report of Dr. Goldfain. Thereafter, without any further hearing on February 19, 1938, the State Industrial Commission entered the present award.

Among other things, it found that the respondent's average daily wage at the time of the accidental injury was $7 per day; that by reason of said accidental injury he was temporarily totally disabled, and ordered payment at $18 per week during the continuance of such temporary total disability.

The sole specification of error is that an ex parte statement of a physician not produced as a witness cannot, in the absence of an agreement or waiver, be considered by the commission as a basis for an award, and an award based thereon should be vacated. We are inclined to agree with this statement in the abstract. The facts of the case, therefore, must test the statement. Two hearings were held by the State Industrial Commission; the first was held on November 29, 1937, the second was held December 22, 1937. In the first hearing, respondent, a Mr. Bonner, Dr. Guthrie, and Dr. C. C. Shaw testified for the respondent. Both doctors testified that the respondent had a disability which they declared to be a result of the accidental injury of June 8, 1937. In fact, petitioner concedes that there is competent evidence to sustain the award aside from the report of Dr. Goldfain.

On December 22, 1937, Dr. West was the sole medical witness. He testified for the petitioner. It was after this, on the 8th day of January, 1938, that the State Industrial Commission, on its own motion, ordered that the respondent report to Dr. E. D. Goldfain. We think, therefore, the case at bar comes within the rule announced in Standard Coal Co. v. State Industrial Commission, 139 Okla. 269, 281 P. 966, wherein the court held it improper to accept the ex parte statement of Dr. Long, but affirmed the award for the reason that there was competent evidence to support the award. Therein we said:

"It has often been held that, where there is any competent evidence to support the award of the commission, this court will

not weigh the evidence upon which any finding of fact is based. After a careful consideration of the evidence, and without considering the evidence of Dr. Long, we have concluded that there is competent evidence supporting the award, and for that reason it should be and is affirmed."

There is also another principle involved. We fail to find any objection to the order of January 8, 1938, or the order of February 19, 1938, prior to the filing of this proceeding. The orders remained on file from the date that they were made until the proceeding was commenced in this court. If any objection was made, it was never pointed out by the petitioner. In Associated Employers' Reciprocal v. State Industrial Commission, 88 Okla. 249, 212 P. 604, we said:

"In a proceeding under the Workmen's Compensation Law, where the Industrial Commission, on motion of counsel for the respondents, makes an order directing the claimant to submit to a medical examination by a competent physician, for the purpose of determining the present condition of the claimant resulting from his injury, and ordered the physician making the examination to report his findings in writing to the commission, and the physician pursuant to the order makes such examination and makes a report of his examination to the commission and no objections or exceptions to the order are made by the respondents, held, that an objection to the consideration of such evidence for the first time in an original action in this court to review·the award comes too late, and the respondents will be deemed to have consented to the consideration of such evidence."

To the same effect see Joy v. State Industrial Commission, 182 Okla. 1, 75 P.2d 1120.

Petitioner points out that the order itself shows that the State Industrial Commission relied to a great extent, if not chiefly, on the ex parte statement of Dr. Goldfain. As pointed out above, petitioner does not explain why the ex parte statement of Dr. Goldfain is not contained in the record, and we are unable to examine the same to determine whether this statement is true. The order does contain, as pointed out, a reference, five times, to this report of Dr. Goldfain. We think this objection very pertinent. However, we do not arrive at the same conclusion as petitioner. There is nothing in the record to disclose that the State Industrial Commission would not have made the award from the other competent evidence. We think that if the former decisions of our court had not precluded us, we would have had a very intricate question to decide, in view of the authorities cited by petitioner. But it is apparent that we

review originally awards presumed to be proper, whereas some of the courts review by appeal errors of the court or board. We are cited to Gauthier v. Penobscot Chemical Fiber Co. (Me.) 113 Atl. 28, and Caldwell v. American Mutual Liability Ins. Co. (Ga. App.) 163 S. E. 247. These authorities appear to be contrary to the express judicial pronouncement of our court, as does the case of Jack v. Morrow Mfg. Co., 194 App. Div. 565, 185 N. Y. S. 588. However, the latter case does not point out whether there was an order made for the examination as was done in the case at bar. The statement is:

"After the hearings were closed Dr. Lewy, apparently at the instance of the commission, submitted a written opinion in which he stated: 'I must consider the injury a contributing factor only in decompensating a previously compensating diseased heart'."

Caldwell v. American Mutual Liability Ins. Co., supra, is also to be distinguished because the statement was made in connection with an appeal from an award made by one commissioner on appeal to the full commission. We notice these differences in procedure as well as other differences in the Maine case cited, supra, due to the lack of identity in procedure. The quoted portions from the Standard Coal Co. v. State Industrial Commission, supra, explain, we think, the theory upon which we review awards. It does not differ much from the rule in cases tried to the court generally, to wit, the· harmless error rule and the rule that it will be presumed that the court considered only the· competent evidence received. We do not hold as in Associated Employers' Reciprocal v. State Industrial Commission, supra, that petitioner acquiesced in or waived the acceptance of the report. We hereby discourage the acceptance of such reports, and the practice should not be encouraged. We hold that, since no objection was made, the petitioner must have known the State Industrial Commission had used the report by the very language of the order. We see no prejudice that is shown to the petitioner by this state of the record, since (Standard Coal Co. v. State Industrial Commission, supra) there is competent evidence in the record to sustain the award.

Petitioner stated that, since the report is not in the record, we cannot say how much the State Industrial Commission relied upon the report of Dr. Goldfain. Neither a court nor a board or commission should accept or receive evidence which they know is not competent. But the acceptance of such evidence does not .necessarily work a reversal of the

order or judgment. We have held that the State Industrial Commission can believe or disbelieve such witnesses as it may choose to believe, and that this court will not review or weigh the evidence upon which the award is based.

We are convinced that the award is supported by competent evidence, and it is therefore affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.