## SPECIAL INDEMNITY FUND v. KNIGHT et al.

No. 32928.   Dec. 7, 1948.

*200 P. 2d 766.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

W. F. Smith and E. B. Glasgow, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.  Prior to the award here involved, and in the same proceeding, an award was entered against Olsen Drilling Company, employer of respondent, and its insurance carrier on joint petition settlement. The commission in its order approving the settlement expressly retained jurisdiction to proceed as against Special Indemnity Fund.

The evidence shows that respondent, on November 17, 1945, while employed by the Olsen Drilling Company, sustained an accidental personal injury resulting in some disability to his right hand. It is also shown that he was then a physically impaired person in that as a result of a prior accident he had sustained the loss of three fingers of his left hand.

The trial commissioner found that on July 26, 1946, an order on joint petition settlement was entered finding the claimant, on November 17, 1945, sustained an accidental injury to his right hand resulting in disability thereto; that respondent was ordered paid by Olsen Drilling Company and its insurance carrier $1,200 for a full, final and complete settlement of said injury to his right hand, or a 25 per cent permanent partial disability to the hand; that respondent was then a physically impaired person as a result of a prior injury to his left hand resulting in a 25 per cent permanent partial disability to the hand; that as a result of both injuries he had sustained a 25 per cent permanent partial disability to the body as a whole which entitled him to compensation in the sum of $2,625 or 125 weeks at $21 per week, and after deducting 50 weeks for injury to the right hand sustained by the last acci-

dent and 50 weeks for the injury sustained to the left hand by reason of the prior accident, as provided by 85 O. S. 1947 Supp. §172, entered an award against Special Indemnity Fund in the sum of $525 or 25 weeks at $21 per week.

The award was affirmed on appeal to the commission en banc.

Special Indemnity Fund first contends that the finding of the commission as to the last injury disability is too indefinite and uncertain to form the basis for an award. It is asserted that no definite and specific finding was made by the commission as to the disability sustained by respondent to his right hand as the result of the last injury. We think this contention well taken. The finding in this respect is ambiguous. It cannot be ascertained therefrom as to whether the commission intended to find that respondent had in fact sustained a 25 per cent permanent partial disability to his right hand as the result of such injury, or whether it merely intended to find that it had approved a joint settlement agreement on the basis of such disability to the hand.

We have on different occasions said it is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award for compensation. Corzine v. Traders Compress et al., 196 Okla. 259, 164 P. 2d 625; Skelly Oil Co. v. Witty, 198 Okla. 384, 179 P. 2d 119. The commission should have made a definite and specific finding as to the last injury disability based on the evidence adduced at the hearing of the case as against Special Indemnity Fund.

It is further contended, assuming the commission's finding to constitute a definite and specific finding that respondent as a result of his last injury had sustained 25 per cent per-

manent partial disability to his right hand, such finding is not supported by any competent evidence but is contrary to all the evidence.

The evidence as to the extent of disability sustained by respondent consists of the statements contained in the written reports of two doctors, which reports were admitted in evidence by agreement. One doctor in his report stated that respondent as a result of his last injury sustained a 50 per cent permanent partial disability to his right hand, and that as a result of a prior accident he sustained a 25 per cent permanent partial disability to his left hand, and that as a result of both injuries he sustained a 30 per cent permanent partial disability to his body as a whole. The other doctor stated that respondent as a result of his last injury sustained 25 to 30 per cent permanent partial disability to his right arm and that as a result of a former accident he sustained 50 per cent disability to his second, third and fourth fingers. He made no statement as to the degree of disability sustained as a result of the joint injuries.

Under the evidence the commission might have found a last injury disability of 50 per cent to respondent's hand, which would have required a deduction against the compensation allowable for the combination of disabilities of 100 weeks instead of 50 weeks; or it might have found that as a result of such injury he had sustained between 25 and 30 per cent permanent partial disability to his right arm, which would have required a deduction from the overall liability of at least 62½ weeks instead of 50 weeks, and which would have necessitated an award against Special Indemnity Fund in a lesser sum than allowed by the commission.

There is no competent evidence to sustain a finding of 25 per cent permanent partial disability to respondent's right hand as a result of the last injury. The award against Special In-

demnity Fund is based on such finding and cannot therefore be sustained. Special Indemnity Fund v. Bennett, 199 Okla. 505, 187 P. 2d 991.

However, after the appeal was lodged in this court and apparently after the Fund had filed its original brief, respondent procured and filed in this court a supplemental transcript, which transcript contains the evidence adduced on joint petition settlement hearing in which is included the unsworn statement of a third doctor that respondent as a result of his last injury sustained a 15 per cent permanent partial disability to his right hand. Respondent relies on this statement to sustain the finding and award here under consideration. None of the evidence taken on that former hearing was offered or received in evidence at the hearing of the case as against Special Indemnity Fund. The Fund was not a party to that proceeding and is therefore not bound thereby. The statute, 85 O. S. 1941 §84 specifically provides that an order of the commission approving joint petition settlements is binding only upon the parties thereto. Since this ex parte statement of the doctor was not offered in evidence at the hearing as against Special Indemnity Fund, and since it is not shown that the Fund agreed that such statement might be considered as against it, the commission was without authority to consider such statement as a basis for entering the award. Flynn v. Ponca City Milling Co., 71 Okla. 281, 177 P. 366; Mid-Union Drilling Co. v. Graham, 184 Okla. 514, 88 P. 2d 619.

Award vacated, with directions to proceed in accordance with the views herein expressed.

HURST, C. J., and CORN, GIBSON, and LUTTRELL, JJ., concur. RILEY, BAYLESS, and ARNOLD, JJ., dissent.