**Tom J. RICHARDSON, Petitioner,**

v.

**M. & D. FREIGHT LINES, Inc., a corporation; Transport Insurance Company, a corporation, and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 37627.

Supreme Court of Oklahoma.

Oct. 15, 1957.

Rehearing Denied Dec. 17, 1957.

Application for Leave to File Second Petition for Rehearing Denied March 4, 1958.

Claud Briggs, Oklahoma City, for petitioner.

Edward W. Smith, Ross & Holtzendorff, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On July 27, 1955, Tom J. Richardson, petitioner herein, filed a claim for compensation against M. & D. Motor Freight Lines, Inc., and its insurance carrier, Transport Insurance Company, respondents herein, in which he states that on July 1, 1955, while in the employ of respondent, M. & D. Motor Freights Lines, Inc., and engaged in the course of his employment he sustained an accidental injury consisting of a lower back injury causing some disability to his person. The injury occurred when he attempted to load heavy crated freight.

Respondents resisted the claim on the theory that petitioner's disability was not caused by accidental injury but was due to other causes.

The trial judge found that on July 1, 1956 (evidence shows 1955) petitioner, while in the employ of respondent M. & D. Motor Freight Lines, Inc., sustained an accidental injury consisting of an injury to his back and as a result of said injury he was temporarily totally disabled from July 1, 1955 to August 22, 1955, at which time total temporary disability ended; that petitioner is entitled to compensation for such disability in the sum of $205.34 and further found that petitioner sustained no permanent disability as the result of his injury and upon such finding entered an award accordingly which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this award. His first contention is that the evidence is insufficient to support the finding of the Commission that petitioner's temporary total disability ended on August 22, 1955; that the evidence shows that he was at that time still temporarily totally disabled and entitled to further medical treatment.

Petitioner testified that on July 1, 1955, he sustained an accidental injury in the time and manner stated in his complaint resulting in injury to his back. The night after he sustained his injury his back pained him severely; that the next morning he went to a chiropractor who gave him some treatments, but the treatments did not benefit him and he decided to take no further treatments from the doctor.

On the 5th day of August 1955, he notified his boss of the injury to his back and was directed by his boss to go to Dr. W. for examination and treatment. Petitioner then called upon Dr. W. on July 22, 1955. The doctor examined him, took x-rays of his back and gave him some medicine and prescribed heat treatment. He returned to the doctor several times thereafter and received further treatment and upon advice of the doctor he started wearing a truss corset and is still wearing the same. The treatment seemed to benefit to some extent but he was still unable to do any kind of work until August 25, 1955, when he went to work at Wacker Variety Store doing light work. He was engaged as a floor

walker and also was assigned the task of marking prices on merchandise. He however still remained under the care of Dr. W, but received no further medical treatment from him. He further testified that at the request of some one representing respondent insurance carrier he called upon and was examined by Dr. S. He informed the doctor that he had been treated by a chiropractor and also by Dr. W. Dr. S, after examination, recommended that he be placed in a hospital and that he would so advise Dr. W and the doctor would call him and have him brought to the hospital, but he never heard from the doctor thereafter, and he had not been placed in a hospital. He further testified while he was able to do light work he was still unable to do any work which required heavy lifting, stooping or bending.

Petitioner offered in evidence the medical reports of Dr. W, Dr. S and Dr. G.

Dr. W in his report states that he first saw and examined petitioner on the 22nd day of July, 1955. He obtained a history of the case from petitioner which is substantially as above stated, and upon such history and his own examination, including x-ray pictures, he concluded that petitioner was totally disabled from the performance of ordinary manual labor such as he was accustomed to doing prior to the time he sustained his injury, but is able to do, and should do light work.

Dr. S, who examined petitioner on the 26th day of July, 1955, in his written report stated that petitioner has a very definite nerve root irritation from a possible disc protrusion in the lumbar spine. It was felt that he should be hospitalized for extensive physiotherapy, traction and relaxing medications, and that in all probability his difficulty could be relieved conservatively.

In a supplemental report made and filed by the doctor on December 14, 1955, the doctor states that petitioner has made vast improvement since his prior examination and is now working at a variety store doing some light work, and reached the conclusion that petitioner will have no permanent partial disability as the result of his injury sustained on July 1, 1955.

Dr. G in his written report filed December 14, 1955, states that he first saw and examined petitioner on that day, and after stating in detail results of that examination, reaches the following conclusion:

"* * * It is my opinion that he has an incipient and progressive ruptured inter-vertebral disc tumor, and that the condition will gradually increase until surgical intervention shall become an imperative. He is totally disabled for the performance of the type of heavy manual work, to which he was accustomed, and should be placed under the care of a competent orthopedist or neuro-surgeon for definitive treatment.

"However, if he is not to receive further treatment and is considered to have reached his maximum of recovery under conservative therapy, then his condition constitutes a percentage of disability of the low back, amounting to fifty percent (50%) (at least) loss of use of the body as a whole for the performance of manual labor, requiring bending, lifting or straining. This disability is the result of the accidental injury sustained on July 1, 1955."

Respondents offered in evidence written reports of Dr. M and supplemental report of Dr. S above mentioned. Dr. M in his report states he first saw and examined petitioner on December 12, 1955, and after stating in detail petitioner's physical condition found to exist as a result of such examination expresses the opinion that petitioner has completely recovered from his injury and that he has sustained no permanent partial disability as the result of said injury.

This, in substance, constitutes the evidence in the case. While the medical evidence is in conflict as to the extent of disability sustained by petitioner as the result of his injury, however, the evidence of Dr. M, as set forth in his report, and the evidence set forth by Dr. S in his supple-

mental report, is sufficient to sustain the finding of the Commission that petitioner sustained no permanent disability as the result of his injury. We also think the evidence of petitioner that he returned to light work on the 25th day of August 1955, and the evidence of the doctor that he was on that day able to do light work is sufficient to sustain the finding of the Commission that petitioner's temporary total disability ended on that day and sufficient to sustain the award as to such disability. See, in this connection, National Well Service v. Brumley, 204 Okl. 190, 228 P.2d 638.

■■ Petitioner's second contention is that the case was submitted to the Commission for the purpose of determining temporary total disability only, and that the Commission was therefore without authority to determine that he sustained no permanent disability as the result of his injury. The record does not support such contention. There was no agreement or stipulation to this effect nor did petitioner request that the case be submitted on such issue only. We have on different occasions held the State Industrial Commission has jurisdiction, in a cause properly before it, to inquire into the entire range of disability of a claimant and to make an award in accordance with the facts as disclosed by the competent evidence adduced before it. Sparkman v. Cosden Pipe Line Co., 182 Okl. 184, 77 P.2d 21; Continental Oil Co. v. Hayes, 157 Okl. 142, 11 P.2d 470. Petitioner's contention in this respect cannot be sustained.

■■ Petitioner's third contention is that the trial judge erred in receiving and considering as evidence in the case the medical report of a doctor appointed by him at the close of the evidence to examine petitioner. The record shows that sometime after the case was submitted the trial judge appointed a doctor to examine petitioner and to make and file his written report as to the results of such examination. The doctor, in his written report, states that he first saw and examined petitioner

on May 21, 1956, and after stating in detail the result of that examination and physical condition found to exist, expressed the opinion that the petitioner has suffered no permanent partial disability as the result of his injury sustained on July 1, 1955. 85 O.S.1951 § 27.1 authorizes the State Industrial Commission on its own motion to require claimant to be examined by some doctor appointed by it and may order claimant to appear before it to be examined by such doctor. While this statute authorizes the Commission on its own motion to appoint a physician to examine claimant in a compensation case and require claimant to appear before it for examination, we do not think it authorizes the unsworn, ex parte written statement of the doctor as the result of his examination, to be permitted in evidence in the absence of an agreement or waiver on the part of the adverse party. We have heretofore held that the ex parte or unsworn statement of a physician in the absence of an agreement or waiver may not be considered by the Commission as the basis of an award, and an award thereon will not be sustained. Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766; F. W. Merrick, Inc., v. Cross, 144 Okl. 40, 289 P. 267. We think the Commission should have excluded this report and erred in receiving the same in evidence. However, it does not appear that the Commission based its finding that petitioner sustained no permanent disability as the result of his injury sustained on July 1, 1955, solely upon this report. In addition to this report there was also offered in evidence a report of Dr. M and the supplemental report of Dr. S that petitioner had sustained no permanent disability as the result of his July 1, 1955 injury. Therefore, should we exclude the written report of the doctor appointed by the Commission who examined petitioner there still would be sufficient evidence to sustain the finding and award in this respect. The award will not, therefore, be vacated because of the admission of this report. Mid-Union Drilling Co. v. Gra-

ham, 184 Okl. 514, 88 P.2d 619, and cases therein cited.

 Petitioner's final contention is that the Commission erred in refusing, at his request, to make a finding on the question of temporary partial disability as a result of his injury sustained July 1, 1955. It is asserted that the evidence established that after petitioner's temporary total disability ended he was still temporarily partially disabled. We think the evidence of Dr. W and Dr. G heretofore set out, and the evidence of petitioner sustains this contention and that the Commission should have made a finding on such issue. Orman v. Capitol Steel & Iron Co., Okl., 289 P.2d 375.

 An injured workman is entitled to recover compensation for temporary partial disability under the provisions of 85 O.S.1951 § 22, subd. 4 on the basis of sixty-six and two-thirds percentum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, if less than before the injury during continuance of such partial disability, but not in excess of three hundred weeks, except as otherwise provided in this Act.

Petitioner testified that while working for respondent M. & D. Motor Freight Lines, Inc., prior to the time he sustained his injury and while working for other employers at similar employment, his average weekly earnings were $54 per week; that while working for his present employer he received $15.84 per week.

We think this evidence sufficient to have authorized the Commission to find that after petitioner's temporary total disability ended he was still temporarily partially disabled and sufficient to have authorized an award for such disability.

We therefore conclude the Commission erred in refusing petitioner's request to make a finding on such issue.

Award sustained insofar as compensation is awarded for temporary total disability and denied as to permanent partial disability and the cause is remanded to the State Industrial Commission for the sole purpose of determining the question of temporary partial disability.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.