**SAPULPA TANK COMPANY and Travelers
Insurance Company, Petitioners,**

v.

**Sam Hardee COLE and State Industrial
Court, Respondents.**

No. 40233.

Supreme Court of Oklahoma.

Nov. 19, 1963.

Sanders, McElroy & Whitten, Tulsa, for petitioners.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, for respondents.

WILLIAMS, Justice.

On February 2, 1962, Sam Hardee Cole, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Sapulpa Tank Company he sustained an accidental injury arising out of and in the course of

his employment. An award for continuing temporary total disability and medical treatment, commonly called a 300-week order, was entered by the State Industrial Court, and this proceeding is brought by the employer and its insurance carrier, hereinafter called petitioners, to review the award. Petitioners complain of findings 1, 3 and 4 of the order of the Industrial Court, presenting same under six (6) propositions.

In their sixth proposition, which we consider first, petitioners contend that there is no competent evidence to support the Industrial Court's first finding that claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment, on November 21, 1961, consisting of an injury to his back. The evidence discloses that the claimant, although hired in Oklahoma, was working for employer as a welder on a job in Lexington, Missouri, and, while pulling heavy welding cable out of mud, injured his back. The principal objections by respondents are that claimant did not immediately notify his foreman and also that the history he gave the hospital was in contradiction of his having sustained an accidental injury.

■■■■ Claimant stated the Lexington job was completed except for the loading of the equipment; that employer was to begin a new job in Colby, Kansas, the following Monday and he was to be the welder on that job; that the injury occurred while he was lifting on the cable preparatory to loading it; that the foreman was not there at the time, and he did not think he was seriously injured. Although he was to return to Oklahoma that same evening, on reaching his room he was in such pain he and his wife decided to delay the trip until the next day. As to his condition on the evening of November 21, 1961, and events subsequent thereto, his testimony is corroborated by that of his wife and this phase of the evidence is uncontradicted by petitioners. Under the rule announced in Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, Shell Oil Co., Inc., v. Thomas,

202 Okl. 190, 211 P.2d 263, and Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425, we are of the opinion and hold that the evidence was sufficient to authorize the State Industrial Court to find that claimant sustained an accidental injury arising out of and in the course of his employment.

■■■■ The next question we are called upon to consider falls under petitioners' first-presented proposition, that is, whether or not the written report of a physician who is present and sworn as a witness is admissible in evidence before the State Industrial Court. It is strongly urged by petitioners that such written report is an ex parte statement and that its admission in evidence over petitioners' objection and exception was error, and that without this ex parte statement there is lack of competent evidence to support the award for temporary total disability and medical treatment. To uphold their position petitioners cite and rely upon Kelso v. Independent Tank Co., Okl., 348 P.2d 855; F. W. Merrick, Inc., v. Cross, 144 Okl. 40, 289 P. 267; Richardson v. M. & D. Freight Lines, Inc., Okl., 322 P.2d 192; Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766; Washita Valley Grain Co., v. McElroy, Okl., 262 P.2d 133.

A review of the cited cases discloses that the ex parte statements admitted were received in evidence in such cases without the respective witnesses being present for cross-examination. We here note that Dr. W was present and sworn as a witness. He identified his written report as the product of his examination, findings and medical treatment of claimant whereupon it was admitted by the trial judge. Under the strict rules of evidence, we may not condone as good evidentiary practice the admission of the written report of the physician called as a witness, where objected to. However, in the instant case the circumstances are such as to constitute such admission harmless error.

■■■■ The object of the hearing is to afford both sides a full and complete hearing, each side having the same rights and

privileges as the other. Forrester v. Marland, 142 Okl. 193, 286 P. 302. Generally speaking we are committed to the rule that an ex parte statement of a physician cannot be considered as evidence unless, of course, it is agreed to by the opposing party. However, our research discloses that in cases wherein we have applied the rule the opposing party did not have the privilege of cross-examining the physician and was thereby deprived of a full and complete hearing before the Industrial Court.

■ In the instant case, the physician was present, sworn as a witness, testified and was subjected to a very extensive and thorough cross-examination by petitioners, both upon his report and the medical treatment he furnished the claimant. In F. W. Merrick, Inc., v. Cross, supra, cited by petitioners this court said:

"In absence of agreement or waiver, evidence in compensation proceedings must be taken in some manner provided by statute; ex parte reports of physicians *not present as witnesses* could not be considered in compensation proceedings, where not agreed to by opposing party." (Emphasis added.)

Petitioners were not prejudiced by the admission of the physician's report. They were not deprived of their rights and privileges before the court. In other words, they were afforded a full and complete hearing.

Too, we note it does not appear that the Industrial Court based its findings that claimant was temporarily totally disabled and in need of medical treatment as the result of said injury solely upon Dr. W's report. In addition thereto Dr. O was offered as a witness for claimant. He had seen, examined and treated claimant both prior to and after his hospitalization and were we to discard the testimony of Dr. W in its entirety there still would be sufficient evidence to sustain the finding and award in this respect. See Richardson v. M. & D. Freight Lines, Inc., supra, and Mid-Union Drilling Co. v. Graham, 184 Okl. 514, 88 P. 2d 619.

There is nothing in the record which would tend to disclose that the Industrial Court would not have made the award from such other competent evidence. That Court can believe or disbelieve such witnesses as it may choose and this Court will not review the evidence upon which the award is based. In the first paragraph of the syllabus of Mid-Union Drilling Co. v. Graham, supra, it is stated:

"This court is committed to the rule that the ex parte statement of a physician is not competent evidence to be received as the basis of an award by the State Industrial Commission in the absence of an agreement or waiver; but where there is other competent evidence to support the award as made this court will not weigh the evidence to determine whether in its opinion the award is improper and if there is sufficient competent evidence in the record to sustain the award aside from the ex parte statement the award will not be disturbed."

We find it unnecessary to further consider petitioners' proposition two, there being competent evidence besides the ex parte statement, to sustain the Industrial Court's finding that claimant is temporarily totally disabled and in need of further medical treatment.

We next consider petitioners' proposition three under which it is argued by petitioners that there is no competent evidence to show that the employer was not prejudiced by claimant's failure to notify employer of his accidental injury prior to his surgery. In support of this contention petitioners cite and rely upon the following cases: Atkins v. Colonial Baking Co., et al., Okl., 287 P.2d 450; Black, Sivalls & Bryson, Inc. v. Coley, Okl., 367 P.2d 1017; Gulf Oil Corp., v. Kincannon, 203 Okl. 95, 218 P.2d 625; Holt v. Gillette Motor Transport, Okl., 293 P.2d 616; Jones v. Oliver,

204 Okl. 164, 228 P.2d 173 and, Owens v. Western Hills Lodge, Okl., 367 P.2d 169, none of which supports the theory advanced by petitioners.

■ We here note that the intent of the requirement of such notice is to protect the employer from the belated filing of claims whereby the employer or his insurance carrier might be subjected to fraud. It is to give the employer an opportunity to immediately investigate the accident, injury or claim while the facts are still fresh in mind and accessible, with a view to determining liability, and minimizing loss, by giving the employee prompt medical attention, if necessary. Pine v. Davis, 194 Okl. 427, 152 P.2d 590; Ford Motor Co. v. Hunt, 146 Okl. 105, 293 P. 1038, 78 A.L.R. 1227; Cameron Coal Co. v. Collopy, 102 Okl. 207, 228 P. 1100; Amerada Petroleum Corp. v. Lovelace, 184 Okl. 140, 85 P.2d 407; and Black, Sivalls & Bryson, Inc. v. Coley, supra.

■ It cannot be argued that the employer did not have knowledge that claimant was claiming to have sustained an accidental injury arising out of and in the course of his employment. The record discloses, considering petitioners' evidence and excluding evidence of claimant, that the employer through its field superintendent had knowledge of the claimed accidental injury within a maximum of eleven (11) days from the date of the injury, thereby enabling the petitioners to make a complete and thorough investigation as to the cause, nature, and extent of the injury. Had a written notice been filed within the thirty (30) day period required by 85 O.S.1961 § 24, it would not have enabled petitioners to make a more thorough investigation than was made by them. Therefore as to this phase of their defense petitioners suffered no prejudice due to failure of claimant to give written notice. Jones v. Oliver, supra.

We note, however, that petitioners' main point of contention under the proposition is to the effect that their prejudice stems from the fact that claimant obtained medical treatment on his own resulting in surgery to his back without prior notification to the employer, thereby depriving employer of his right to select the physician.

■ Generally speaking, it is employer's right to select the physician to treat an injured employee. Yet in relation to this phase of petitioners' argument in the instant case, our attention is again drawn to the testimony of employer's field superintendent where he in effect stated that if one of their employees suffered an injury he had authority to select his own doctor, the only restriction being that he not select a chiropractor. In Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okl. 187, 221 P. 470, it was held that, although the employer has the right to furnish medical treatment and designate the physician to furnish the same, where the employer reasonably implies that claimant may select the physician the employer is liable if the charges are reasonable.

Also, we observe that 85 O.S.1961 § 14, contains the proviso that an injured employee, or another in his behalf, may obtain emergency treatment at the expense of the employer. There was testimony by claimant's physician that the surgery performed was an emergency and due to the accidental injury. While it may have been contradicted by the testimony of petitioners' physician, a question of fact was thus presented for the decision of the Industrial Court. That court having resolved the issue in favor of claimant, based on competent evidence, order will not be disturbed by this Court on review. See Hackley v. Dalles Nursing Home, Okl., 372 P.2d 586.

We have many times held that an employee does not have to request medical treatment of the employer in order to hold the employer and insurance carrier liable if the employer knows of the need and fails or refuses to provide same. See Mattingley v. State Industrial Court, Okl., 382 P. 2d 125, and cases therein cited.

We are also of the opinion that neither request nor notice is necessary where an emergency exists. 85 O.S.1961 § 14.

Therefore, where the circumstances and condition of the injured employee present an emergency demanding prompt action, the injured person may be justified in securing needed medical service at the employer's expense without first giving notice. The question of whether such an emergency existed presented a question of fact to be decided by the State Industrial Court. The view herein expressed is also decisive of petitioners' proposition number four.

The fifth and final contention of the petitioners is well taken and must be sustained. The right of an employee to medical care and attention and the liability therefor are controlled ʰy statute, 85 O.S. 1961 § 14, and the authority of the Industrial Court to approve claims for such services is limited to the conditions therein named. In the instant case the Industrial Court had nothing before it upon which it could act upon any claim for medical, doctor or hospital expenses already incurred and therefore that portion of the order which attempts to direct payment of all reasonable medical, doctor and hospital expenses theretofore incurred by claimant is outside and beyond the issues which the Industrial Court was called upon to determine and therefore is invalid. See Skelly Oil Co. v. Standley, 148 Okl. 77, 297 P. 235; Galey & Malloy v. Belt, 187 Okl. 318, 102 P.2d 868; Foster Wheeler Corporation v. Bennett, Okl., 354 P.2d 764.

The order in all other respects is proper and supported by competent evidence. Its provision relative to payment of the claim for medical expenses already incurred is ordered stricken therefrom, claimant to have the right to present claim therefor to the State Industrial Court at some future hearing. As thus modified, it should be sustained.

Order modified and sustained as modified.