**CITY OF McALESTER and State Insurance Fund, Petitioners,**

**v.**

**Cecil Roy NAVE and State Industrial Court of the State of Oklahoma, Respondents.**

**No. 43024.**

Supreme Court of Oklahoma.

March 4, 1969.

Sam Hill, Noraul Bosonetto, Oklahoma City, for petitioners.

Loren McCurtain, McAlester, G. T. Blankenship, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Justice.

The principle issue for decision in this case is whether petitioners, City of McAlester and State Insurance Fund, by their conduct waived objections to the admission in evidence of ex parte statements of claimant's medical experts and waived cross examination. Our decision rests upon the validity of Rule 12, State Industrial Court Rules promulgated to be effective on January 1, 1966. See Chapter 4, Appendix, 85 O.S.Supp.1968, Page 1580.

Claimant Cecil Roy Nave, respondent herein, was injured on August 18, 1964, while driving a truck for the City of McAlester. Claim was filed in the Industrial Court and claimant was permitted by the Court to proceed against a third party. The third party action was settled for $4,-500.00. In the meantime petitioner, State Insurance Fund, started compensation payments on November 2, 1964, and continued such payments until December 20, 1965.

On February 7, 1968, claimant's attorney mailed copies of the medical reports of claimant's doctors, P and D, to the State Industrial Court and to Petitioner, State Insurance Fund. On the following day, February 8, 1968, claimant requested that the hearing be held in Oklahoma City at an early date. A copy of this request was mailed to the State Insurance Fund. On February 23, 1968, an attorney for the State Insurance Fund notified claimant's attorney by letter that the State Insurance Fund would object to the introduction of claimant's medical reports on the ground that they were not the best evidence. This letter was received by claimant's attorney on February 24, 1968.

Trial was conducted on February 28, 1968, for the purpose of determining the question of any further temporary total and the extent of permanent partial disability.

Claimant offered in evidence the ex parte medical report of Dr. P, dated January 29, 1968, and the ex parte medical report of Dr. D, dated December 18, 1967 (being the same reports that were mailed to Petitioners on February 7, 1968). The trial judge inquired of counsel for State Insurance Fund if she had any statement. State Insurance Fund's attorney answered:

"No statement, except that we object to the medical reports on the grounds that they are ex parte statements and not the best evidence."

"The Court: Okay. It will be the ruling of the Court, under Rule 12, that respondent waived the right to cross-examine by failure to notify the claimant within the specified period of time of his intentions to object."

Rule 12, State Industrial Court Rules, effective January 1, 1966, provides in part:

"Copies of all medical reports shall be furnished to opposing party or parties at least five (5) days prior to date of hearing, who shall have the right to cross-examine before the Trial Judge or by deposition upon notice of such intention in writing *within five (5) days after receipt of the report.*"

"No medical report will be admitted in evidence *unless a copy of the same has been furnished to the opposing parties,* as hereinbefore provided, at least five (5) days prior to the hearing date.

"The Court discourages multiple hearings in a case and requires that opposing parties shall have all medical reports and evidence ready for introduction, and unless the Court and the parties are notified of their intention to cross-examine the doctor or doctors at this time, *it shall be deemed to have been waived* at the time the case is heard. (emphasis supplied)

"NOTE: THIS RULE WILL BE STRICTLY ENFORCED."

The Legislature has authorized the Industrial Court to adopt and promulgate reasonable rules necessary for the orderly transaction of its business, and has specifically authorized rules providing for "The nature and extent of the proofs and evidence, and the methods of taking and furnishing the same, to establish the right to compensation." 85 O.S.1961, Sec. 77.

To be valid a rule of court must be reasonable. Court rules may be adopted to prescribe the time within which certain procedural acts may be done. 20 Am.Jur. 2d, Courts, Section 84.

We are aware that ex parte statements of a physician may not be considered as evidence unless the opposing party has waived his objection thereto. Sapulpa Tank Company v. Cole, Okl., 386 P.2d 988. We are also aware that cross examination is a valuable right, but this right may be waived. In Standard Coal Co. v. State Industrial Commission, 139 Okl. 269, 281 P. 966, we said "In the absence of agreement or waiver, the evidence must be taken in the manner provided by statute."

In the instant case claimant mailed the ex parte statements of his doctors to State Insurance Fund and to the Industrial Court on February 7, 1968. Under Rule 12, supra, these statements were effectively offered in evidence at the time received. Under Rule 12, State Insurance Fund was given five days after receipt of the ex parte statements to elect whether it would cross examine claimant's doctors or waive that right. It waived the right of cross examination and the admissibility of the ex parte statements by remaining silent beyond the five days allowed in which to make its election.

Petitioners do not contend that they were prevented from giving notice of intention to cross examine within the time authorized by Rule 12 by reason of unavoidable casualty, or any other justifiable cause. Petitioners do not directly assert that the Industrial Court has exceeded its rule making powers, and do not contend that cross examination was not waived by their silence. Under the facts in this case and Rule 12, supra, the ex parte state-

ments, being otherwise admissible, were effectively admitted in evidence at the expiration of five days after the State Insurance Fund and the Industrial Court received the ex parte statements. The ex parte statements were properly admitted and accepted as evidence.

The trial judge found that claimant's temporary total disability ended on December 20, 1965. The Court en banc concluded that temporary total disability continued until December 6, 1966, instead of December 20, 1965, and ordered an additional 50 weeks of temporary total disability beyond that which was ordered by the trial judge. Petitioners contend there is no evidentiary basis for the additional award for temporary total disability.

In support of their contention petitioners point out that in the report of claimant's Dr. P (dated Jan. 29, 1968) he stated:

"His (claimant's) period of temporary total disability *was* ended at the time of the last office visit of 12–6–66." (emphasis supplied)

Petitioners say that the doctor's statement was not the equivalent of saying "his temporary total disability ended on that date."

Claimant testified that Dr. P had been his doctor for three and one-half years following the accident and he had been treated by him during that period. In view of this continuing treatment from the time of injury to time of trial it may be that Dr. P meant to say that he, Dr. P, told claimant, or concluded that, his period of temporary total disability should be ended on that date. Claimant's Dr. D stated that in his opinion claimant, as of December 18, 1967, was 100% totally and permanently disabled. Claimant testified that the State Insurance Fund stopped making payments on December 20, 1965, following an examination by petitioner's Dr. M.

■ We are of the view that the evidence supports the finding of temporary total disability which continued until December 6, 1966.

■ It is conceded that the weekly rate of compensation for claimant was $37.50

per week, and the Industrial Court erred in using a higher rate in computing the amount of temporary total disability. Accordingly the award for additional temporary compensation for fifty (50) weeks is reduced from $2,000.00 to $1,875.00, and as so modified the order of the Industrial Court is sustained.

All the Justices concur.