STATE HIGHWAY DEPARTMENT and the State Insurance Fund, Petitioners,

v.

Charles SHACKLEFOOT and the State Industrial Court, Respondents.

No. 50237.

Supreme Court of Oklahoma.

Dec. 20, 1977.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for petitioners.

Richard A. Bell, Norman, Larry Derryberry, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

The issue in this proceeding is whether petitioners, hereinafter called respondents, were deprived of full and complete hearing, by denial of request to offer additional medical evidence, and thereby denied due process of law.

Claim for compensation alleged accidental injury December 17, 1975 when a chain saw, operated by a fellow employee, severed both bones in the right leg above claimant's ankle. Following injury claimant was hospitalized in Ponca City, Oklahoma and surgery, for internal fixation and anastomosis

of anterior tibial artery, was performed by Dr. G.A.M. After discharge claimant continued under treatment and was paid temporary total compensation until May 15, 1976.

When the case was heard (June 14, 1976) claimant testified concerning facts of injury and hospitalization, including complaints made to treating doctor concerning back problems which resulted from fall at time of accident. Subsequent to discharge the doctor x-rayed claimant's back, prescribed medication and advised back trouble resulted from leg injury.

Claimant offered as medical evidence deposition testimony of Dr. G.A.M., who examined claimant on March 25, 1976. Based upon history of injury and physical findings on examination, the doctor found 100% permanent partial disability of right leg due to injury, and 45% permanent partial disability to body as a whole resulting from back injury.

Respondent introduced medical report from Dr. J.J.M., who examined claimant May 4, 1976. This report stated permanent disability would result from leg injury, but additional healing time was required and permanent disability should be based upon a re-examination after a month.

The doctor stated that no evidence appeared of injury to lumbar spine and no permanent partial disability resulted from this injury. This report was filed in State Industrial Court on May 7, 1976, prior to hearing on June 14, 1976.

Upon hearing for adjudication of permanent partial disability respondents indicated willingness for this issue to be determined only if the court would allow further medical report from the treating doctor (Dr. G.A.M.) relating to claimant's credibility concerning alleged back injury. Respondents also requested leave for re-examination by Dr. J.J.M. for purpose of disability rating.

The trial court denied respondents' requests for production of additional medical evidence, and thereafter entered an order awarding compensation. This order was affirmed by State Industrial Court en banc.

Stated ground for review urges fundamental duty of State Industrial Court is to conduct full and complete hearing of evidence of both parties before award of compensation for permanent disability can be entered. *A. K. Spalding Const. Co. v. Walden* (Okl., 1954), 268 P.2d 247; *Palleson Const. Co. v. Warren* (Okl., 1965), 402 P.2d 256. The argument urges due process was violated and respondent denied full and complete hearing by denial of opportunity to present additional evidence concerning disability to claimant's foot.

As mentioned, respondents' medical evidence stated disability evaluation was premature as more healing time was required. Also it should be noted medical evidence on this issue was conflicting. Claimant's doctor was of the opinion the leg injury had reached maximum benefit from treatment, and it was improbable any further bone growth would lessen existing disability.

In view of State Industrial Court Rule 12 we do not consider respondent's argument sound. This rule governs hearings for adjudication of disability, and presentation of medical evidence. Subdivision 2 provides:

"The respondent must advise claimant within five (5) days after the receipt of claimant's medical report, in writing, of his intention to cross-examine claimant's physician by deposition. A copy of said objection is to be filed with the Court, certifying that the objection was mailed to claimant. Unless the claimant is notified of respondent's intention to cross-examine the doctor or doctors, cross-examination shall be deemed to have been waived. Upon receipt of respondent's objection, claimant shall immediately submit his physician for cross-examination by deposition."

Thereafter subdivision 6 of Rule 12 states:

"Neither party will be precluded from presenting medical testimony by an expert witness at the time of trial."

The last medical report from respondents' treating doctor (Dr. G.A.M.) dated January 9, 1976 indicated continuing total temporary disability, with suggested return for exami-

nation after one month. There is no other medical report from the treating doctor. Neither does the record disclose effort by respondents to secure further medical report or disability evaluation from this physician during intervening six months before hearing.

Medical report of Dr. J.J.M. dated May 5, 1976 was received by respondent State Insurance Fund on May 7, 1976. Thirty-eight days intervened between this report and the date of hearing. Nothing in this record shows, and respondents do not claim, lack of opportunity to have claimant re-examined and disability evaluation made within this period.

In *City of McAlester v. Nave* (Okl., 1969), 451 P.2d 681, syllabus paragraph 1 states:

"The State Industrial Court is authorized by the provisions of 85 O.S.1961, Section 77, to adopt and promulgate reasonable rules for the orderly transaction of its business, and may by rule provide the nature and extent of the proofs and evidence, and the methods of taking and furnishing the same."

Nature and extent of proof and medical evidence, and methods of taking and furnishing same are settled by Rule 12. The provisions above quoted charged respondents with responsibility of presenting all necessary medical evidence at June 14, 1976 hearing. Whatever might have interfered with respondent securing examination and disability evaluation following receipt of report from Dr. J.J.M., did not prevent tendering other medical evidence. Respondent could have achieved the same result by offering testimony from a medical expert at the hearing.

A related matter was considered in *Cook v. State Industrial Court* (Okl., 1974), 518 P.2d 311. We reversed an order denying compensation for alleged failure of claimant's medical evidence because of failure of a party who assumed burden of proof to go forward with medical evidence required for proper submission of the cause. The same reasoning may be applied here. Respondents had the burden under Rule 12 to offer medical evidence within the time and man-

ner prescribed. There was no compliance with the requirement and, so far as the record shows, no reason for this failure. This failure to act was a waiver of respondent's rights, and cannot provide basis for claimed lack of due process.

Award sustained.

HODGES, C. J., LAVENDER, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.